APPEAL,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–00402–AHA</u>
### *Internal Use Only*

GLOBAL HEALTH COUNCIL et al v. DONALD J. TRUMP et al

Assigned to: Judge Amir H. Ali

Related Case:  1:25–cv–00400–AHA

Case in other court:  USCA, 25–05047

USCA, 25–05097

Cause: 05:0706 Judicial Review of Agency Actions

Date Filed: 02/11/2025

Jury Demand: None

Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision

Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

| **GLOBAL HEALTH COUNCIL** | represented by | **Allison Gardner** |
| | | ARNOLD & PORTER KAYE SCHOLER LLP |
| | | 601 Massachusetts Avenue, NW |
| | | Washington D.C., DC 20001–3743 |
| | | 202–942–5000 |
| | | Email: <u>allison.gardner@arnoldporter.com</u> |
| | | *TERMINATED: 07/18/2025* |
| | | *ATTORNEY TO BE NOTICED* |

**Dana Kagan McGinley**
ARNOLD & PORTER
601 Massachusetts Ave. NW
Washington, DC 20001
202–942–6421
Email: <u>Dana.KaganMcGinley@arnoldporter.com</u>
*ATTORNEY TO BE NOTICED*

**Daniel F. Jacobson**
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW
Suite 300
Washington, DC 20006
301–823–1148
Email: <u>dan@jacobsonlawyersgroup.com</u>
*ATTORNEY TO BE NOTICED*

**Daniel Reuben Yablon**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
202–942–5009
Email: <u>Daniel.Yablon@arnoldporter.com</u>

*ATTORNEY TO BE NOTICED*

**John Robinson**
JACOBSON LAWYERS GROUP
1629 K Street NW, Suite 300
Washington, DC 20006
301–823–1148
Email: john@jacobsonlawyersgroup.com
*ATTORNEY TO BE NOTICED*

**Nina Cahill**
JACOBSON LAWYERS GROUP
1629 K Street NW, Suite 300
Washington, DC 20006
301–823–1148
Email: nina@jacobsonlawyersgroup.com
*ATTORNEY TO BE NOTICED*

**Sally Pei**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942–5000
Fax: (202) 942–5999
Email: sally.pei@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Samuel Francis Callahan**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington, DC 20001
(202) 942–5000
Email: sam.callahan@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Samuel M. Witten**
ARNOLD & PORTER
601 Massachusetts Avenue, NW
Washington, DC 20817
202–942–6115
Email: samuel.witten@apks.com
*ATTORNEY TO BE NOTICED*

**William Perdue**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave. NW
Washington, DC 20001
202–942–5685
Email: william.perdue@arnoldporter.com

*ATTORNEY TO BE NOTICED*

**Stephen K. Wirth**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave. NW
Washington, DC 20001
202–942–6739
Fax: 202–942–5999
Email: Stephen.Wirth@arnoldporter.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES** | represented by | **Allison Gardner**<br>(See above for address)<br>*TERMINATED: 07/18/2025*<br>*ATTORNEY TO BE NOTICED* |

**Dana Kagan McGinley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel F. Jacobson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nina Cahill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sally Pei**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Francis Callahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel M. Witten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Perdue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen K. Wirth**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**HIAS**                                        represented by    **Allison Gardner**
                                                                 (See above for address)
                                                                 *TERMINATED: 07/18/2025*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Dana Kagan McGinley**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Daniel F. Jacobson**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **John Robinson**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Nina Cahill**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Samuel Francis Callahan**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **William Perdue**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Stephen K. Wirth**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**MANAGEMENT SCIENCES FOR**            represented by    **Allison Gardner**
**HEALTH, INC.**                                                (See above for address)
                                                                 *TERMINATED: 07/18/2025*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Dana Kagan McGinley**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Daniel F. Jacobson**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Daniel Reuben Yablon**

(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nina Cahill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sally Pei**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Francis Callahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel M. Witten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Perdue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen K. Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CHEMONICS INTERNATIONAL, INC.**               represented by   **Allison Gardner**
(See above for address)
*TERMINATED: 07/18/2025*
*ATTORNEY TO BE NOTICED*

**Dana Kagan McGinley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel F. Jacobson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Reuben Yablon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nina Cahill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sally Pei**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Francis Callahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel M. Witten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Perdue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen K. Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**DAI GLOBAL LLC**                    represented by  **Allison Gardner**
(See above for address)
*TERMINATED: 07/18/2025*
*ATTORNEY TO BE NOTICED*

**Dana Kagan McGinley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel F. Jacobson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Reuben Yablon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nina Cahill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sally Pei**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Francis Callahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel M. Witten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Perdue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen K. Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**DEMOCRACY INTERNATIONAL, INC.**                    represented by    **Allison Gardner**
(See above for address)
*TERMINATED: 07/18/2025*
*ATTORNEY TO BE NOTICED*

**Dana Kagan McGinley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel F. Jacobson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Reuben Yablon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nina Cahill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sally Pei**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Francis Callahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel M. Witten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Perdue**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen K. Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AMERICAN BAR ASSOCIATION**        represented by    **Allison Gardner**
(See above for address)
*TERMINATED: 07/18/2025*
*ATTORNEY TO BE NOTICED*

**Dana Kagan McGinley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel F. Jacobson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Reuben Yablon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Robinson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nina Cahill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sally Pei**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Francis Callahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel M. Witten**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Perdue**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen K. Wirth**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DONALD J. TRUMP**
*in his official capacity as President of the*
*United States of America*

represented by **Indraneel Sur**
U.S. DEPARTMENT OF JUSTICE
1100 L St. NW
Washington, DC 20530
202–616–8488
Email: Indraneel.Sur@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
U.S. DEPARTMENT OF JUSTICE
Civil Division
1100 L Street NW
Washington, DC 20005
202–514–6304
Email: joshua.n.schopf@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARCO A. RUBIO**
*in his official capacity as Secretary of*
*State and Acting Administrator of the*
*United States Agency for International*
*Development*

represented by **Indraneel Sur**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PETER MAROCCO**
*in his official capacity as Acting Deputy*
*Administrator for Policy and Planning,*
*Acting Deputy Administrator for*
*Management and Resources of the*
*United States Agency for International*
*Development, and Director of Foreign*
*Assistance at the Department of St*
*TERMINATED: 04/22/2025*

represented by **Indraneel Sur**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RUSSELL VOUGHT**
*in his official capacity as Director of the*
*Office of Management and Budget*

represented by **Indraneel Sur**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT**
**OF STATE**

represented by **Indraneel Sur**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES AGENCY FOR**
**INTERNATIONAL DEVELOPMENT**

represented by **Indraneel Sur**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**OFFICE OF MANAGEMENT AND**
**BUDGET**

represented by **Indraneel Sur**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JEREMY LEWIN**
*in his official capacity as Acting Director*
*of Foreign Assistance at the United*
*States Department of State and in his*
*official capacity performing the duties of*
*the Deputy Administrator and Chief*
*Operating Officer of the United States*
*Agency for Int*

represented by **Indraneel Sur**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**CONSTITUTIONAL**                  represented by  **Brianne Jenna Gorod**
**ACCOUNTABILITY CENTER**                           CONSTITUTIONAL
                                                    ACCOUNTABILITY CENTER
                                                    1730 Rhode Island Ave. NW
                                                    Suite 1200
                                                    Washington, DC 20005
                                                    202–296–6889
                                                    Email: brianne@theusconstitution.org
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Miriam Becker–Cohen**
                                                    CONSTITUTIONAL
                                                    ACCOUNTABILITY CENTER
                                                    1200 18th Street, NW
                                                    Suite 501
                                                    Washington, DC 20036
                                                    202–296–6889
                                                    Email: miriam@theusconstitution.org
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/11/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC–11470798) filed by DAI GLOBAL LLC, HIAS, DEMOCRACY INTERNATIONAL, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, AMERICAN BAR ASSOCIATION, GLOBAL HEALTH COUNCIL, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC.. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons)(Wirth, Stephen) (Entered: 02/11/2025) |
| 02/11/2025 | 2 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 25–cv–400. (Wirth, Stephen) (Main Document 2 replaced on 2/11/2025) (znmw). (Entered: 02/11/2025) |
| 02/11/2025 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION (Wirth, Stephen) (Entered: 02/11/2025) |
| 02/11/2025 | 4 | MOTION for Temporary Restraining Order , MOTION for Preliminary Injunction by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Attachments: # 1 Text of Proposed Order)(Wirth, Stephen) (Entered: 02/11/2025) |
| 02/11/2025 | 5 | NOTICE of Appearance by Daniel Reuben Yablon on behalf of GLOBAL HEALTH COUNCIL, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY |

| | | |
|---|---|---|
| | | INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION (Yablon, Daniel) (Entered: 02/11/2025) |
| 02/11/2025 | 6 | NOTICE of Appearance by Sally Pei on behalf of GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION (Pei, Sally) (Entered: 02/11/2025) |
| 02/11/2025 | 7 | DECLARATION by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION re 4 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction . (Attachments: # 1 Declaration of Elisha Dunn–Georgiou, # 2 Declaration of Robert Nichols, # 3 Declaration of Mark Hetfield, # 4 Exhibit to Hetfield Decl., # 5 Declaration Marian Wentworth, # 6 Declaration of James Butcher, # 7 Declaration of Zan Northrip, # 8 Declaration of Eric Bjornlund, # 9 Declaration of Scott Carlson)(Wirth, Stephen) (Entered: 02/11/2025) |
| 02/11/2025 | | Case Assigned to Judge Loren L. AliKhan. (znmw) (Entered: 02/11/2025) |
| 02/11/2025 | 8 | SUMMONS (9) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(znmw) (Entered: 02/11/2025) |
| 02/11/2025 | 9 | NOTICE of Appearance by Samuel M. Witten on behalf of GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION (Witten, Samuel) (Entered: 02/11/2025) |
| 02/11/2025 | 10 | NOTICE of Appearance by Allison Gardner on behalf of GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION (Gardner, Allison) (Entered: 02/11/2025) |
| 02/11/2025 | 11 | ENTERED IN ERROR.....NOTICE of Appearance by William Perdue on behalf of GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION (Perdue, William) Modified on 2/11/2025 (znmw). (Entered: 02/11/2025) |
| 02/11/2025 | 12 | NOTICE of Appearance by Dana Kagan McGinley on behalf of GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION (Kagan McGinley, Dana) (Entered: 02/11/2025) |

| | | |
|---|---|---|
| 02/11/2025 | | NOTICE OF ERROR regarding <u>11</u> Notice of Appearance,. The following error(s) need correction: Attorney William Perdue is not an active member of this Court's bar; a Pro Hac Vice motion has not been filed in this case. (znmw) Modified on 2/11/2025 (znmw). (Entered: 02/11/2025) |
| 02/11/2025 | | RESOLVED.....NOTICE of Provisional Status re <u>12</u> NOTICE of Appearance by Dana Kagan McGinley on behalf of All Plaintiffs (Kagan McGinley, Dana).<br><br>Your attorney renewal has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney−renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/18/2025. (znmw) Modified on 2/12/2025 (zhcn). (Entered: 02/11/2025) |
| 02/11/2025 | <u>13</u> | NOTICE OF RELATED CASE by All Defendants. Case related to Case No. 1:25−cv−352. (Edelman, Christopher) (Entered: 02/11/2025) |
| 02/11/2025 | <u>14</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− William Perdue, Filing fee $ 100, receipt number ADCDC−11472347. Fee Status: Fee Paid. by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Wirth, Stephen) (Entered: 02/11/2025) |
| 02/11/2025 | <u>15</u> | RESPONSE re <u>13</u> Notice of Related Case filed by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Wirth, Stephen) (Entered: 02/11/2025) |
| 02/11/2025 | | MINUTE ORDER: For the reasons stated in the court's order in *AIDS Vaccine Advocacy Coalition v. U.S. Department of State*, No. 25−CV−400, ECF No. 12, it is hereby ORDERED that the Clerk of Court shall TRANSFER this related matter to the Calendar and Case Management Committee. Signed by Judge Loren L. AliKhan on 02/11/2025. (lclla1) (Entered: 02/11/2025) |
| 02/11/2025 | | Case directly reassigned to Judge Amir H. Ali, as related, pursuant to Minute Order dated 2/11/2025. Judge Loren L. AliKhan is no longer assigned to the case. (ztnr) (Entered: 02/12/2025) |
| 02/12/2025 | <u>16</u> | NOTICE by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION re <u>4</u> Motion for TRO,, Motion for Preliminary Injunction, (Wirth, Stephen) (Entered: 02/12/2025) |
| 02/12/2025 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER. The Court will hold a telephonic motion hearing in No. 25–cv–00400 and No. 25–cv–00402 on February 12, 2025, at 1:30 p.m. The information for the public access line is as follows: the toll–free number is 833–990–9400, and the Meeting ID is 771021014. Signed by Judge Amir H. Ali on 2/12/2025. (lcaha2) Modified on 2/12/2025. (zalh) (Entered: 02/12/2025) |
| 02/12/2025 | | Minute Entry for telephonic proceeding held before Judge Amir H. Ali: Motion Hearing held on 2/12/2025 re 4 Motion and Memorandum of Law in Support of Temporary Restraining Order and Preliminary Injunction. Oral arguments heard. The Court takes the motion under advisement. A written order is forthcoming via Chambers. The Court orders the parties to submit a proposed order by 4:30 PM today and the necessary documentation regarding any terminations by 7:00 PM today. (Court Reporter: William Zaremba) (zalh) (Entered: 02/12/2025) |
| 02/12/2025 | 17 | NOTICE *Related to February 12, 2025 Hearing* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D: Proposed Order)(Edelman, Christopher) (Entered: 02/12/2025) |
| 02/12/2025 | 18 | NOTICE *of Revised Proposed Order* by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION re Motion Hearing,, 4 Motion for TRO,, Motion for Preliminary Injunction, (Pei, Sally) (Entered: 02/12/2025) |
| 02/12/2025 | 19 | RESPONSE TO ORDER OF THE COURT re 2/12/2025 MINUTE Order by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Wirth, Stephen) Modified event on 2/13/2025 (mg). (Entered: 02/12/2025) |
| 02/12/2025 | 20 | NOTICE *of supplemental information* by UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT re 17 Notice (Other), (Attachments: # 1 Exhibit)(Sur, Indraneel) (Entered: 02/12/2025) |
| 02/13/2025 | 21 | ORDER granting in part and denying in part Plaintiffs' 4 Motion for a Temporary Restraining Order. Defendants shall file a status report by 2/18/2025. The parties shall file a joint status report by 2/14/2025 at 5:00 PM. See document for details. Signed by Judge Amir H. Ali on 2/13/2025. (lcaha2) Modified on 2/14/2025. (zalh) (Entered: 02/13/2025) |
| 02/14/2025 | 22 | TRANSCRIPT OF STATUS CONFERENCE – MOTIONS – TEMPORARY RESTRAINING ORDER VIA ZOOM TELECONFERENCE PROCEEDINGS before Judge Amir H. Ali held on February 12, 2025; Page Numbers: 1–74. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/7/2025. Redacted Transcript Deadline set for 3/17/2025. Release of Transcript Restriction set for 5/15/2025.(Zaremba, William) (Entered: 02/14/2025) |
| 02/14/2025 | 23 | Joint STATUS REPORT by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Wirth, Stephen) (Entered: 02/14/2025) |
| 02/14/2025 | | MINUTE ORDER. The Court is in receipt of the parties' 23 joint status report proposing a briefing schedule. Defendants shall respond to Plaintiffs' 4 motion for preliminary relief by February 21, 2025. Plaintiffs shall reply by 12:00 p.m. on February 27, 2025. Signed by Judge Amir H. Ali on 2/14/2025. (lcaha2) (Entered: 02/14/2025) |
| 02/18/2025 | 24 | NOTICE of Appearance by Indraneel Sur on behalf of All Defendants (Sur, Indraneel) (Entered: 02/18/2025) |
| 02/18/2025 | 25 | STATUS REPORT *regarding Compliance* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET. (Attachments: # 1 Exhibit USAID & State Decl, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit OMB Decl)(Sur, Indraneel) (Entered: 02/18/2025) |
| 02/19/2025 | 26 | Unopposed MOTION for Leave to File *Amicus Curiae Brief* by CONSTITUTIONAL ACCOUNTABILITY CENTER. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Gorod, Brianne) (Entered: 02/19/2025) |
| 02/19/2025 | 27 | NOTICE of Appearance by Miriam Becker−Cohen on behalf of CONSTITUTIONAL ACCOUNTABILITY CENTER (Becker−Cohen, Miriam) (Entered: 02/19/2025) |
| 02/20/2025 | 28 | ORDER. Plaintiffs' motion for contempt and to enforce the Court's temporary restraining order in No. 25−cv−00400 is granted in part and denied in part. See document for details. Signed by Judge Amir H. Ali on 2/20/2025. (lcaha2) (Entered: 02/20/2025) |
| 02/20/2025 | 29 | MOTION to Enforce *Temporary Restraining Order* by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Declaration of Elisha Dunn–Georgiou, # 2 Declaration of Robert Nichols, # 3 Declaration of Rachel Levitan, # 4 Declaration of Marian Wentworth, # 5 Declaration James Butcher, # 6 Declaration Zan Northrip, # 7 Declaration Eric Bjornlund, # 8 Declaration Scott Carlson, # 9 Text of Proposed Order)(Wirth, Stephen) (Entered: 02/20/2025) |
| 02/20/2025 | 31 | RESPONSE re 25 Status Report, filed by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (See docket entry 29 to view document)(mg) (Entered: 02/21/2025) |
| 02/21/2025 | 30 | ERRATA by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION re 1 Complaint,,. (Attachments: # 1 Errata (Corrected Complaint))(Wirth, Stephen) (Entered: 02/21/2025) |
| 02/21/2025 | | MINUTE ORDER. The Court is in receipt of Plaintiffs' 29 motion to enforce the Court's temporary restraining order. Plaintiffs request that the Court order "the immediate payment of all funds owed and due to Plaintiffs and other USAID and State Department implementing partners." ECF No. 29 at 1. The motion is denied without prejudice as moot in light of the Court's order yesterday that Defendants are to "immediately cease [the blanket suspension of funds] and to take all necessary steps to honor the terms of contracts, grants, cooperative agreements, loans, and other federal foreign assistance awards that were in existence as of January 19, 2025, including but not limited to disbursing all funds payable under those terms." ECF No. 28 at 5.

The parties in this case and No. 25–cv–00400 shall meet and confer and file a consolidated joint status report by February 26, 2025, at 12:00 p.m., addressing Defendants' "prompt compliance with the order." Defendants' Br., *AIDS Vaccine*, ECF No. 28 at 8. Signed by Judge Amir H. Ali on 2/21/2025. (lcaha2) (Entered: 02/21/2025) |
| 02/21/2025 | 32 | STANDING ORDER. The parties are ordered to comply with the directives set forth in the attached standing order. See document for details. Signed by Judge Amir H. Ali on 2/21/2025. (lcaha2) (Entered: 02/21/2025) |
| 02/21/2025 | 33 | MOTION to Clarify re 21 Order on Motion for TRO,, Set/Reset Deadlines, 28 Order , MOTION to Stay by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Sur, Indraneel) (Entered: 02/21/2025) |
| 02/21/2025 | 34 | Memorandum in opposition to re 4 Motion for TRO,, Motion for Preliminary Injunction, *combined with opposition in No.400* filed by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Sur, Indraneel) (Entered: 02/21/2025) |

| 02/22/2025 | 35 | ORDER. To the extent Defendants' 33 motion to clarify is not mooted by the discussion herein, it is denied, and Defendants' motion to stay the Court's TRO pending an emergency appeal is also denied. See document for details. Signed by Judge Amir H. Ali on 2/22/2025. (lcaha3) (Entered: 02/22/2025) |
|---|---|---|
| 02/24/2025 | 36 | Emergency MOTION to Enforce *Temporary Restraining Order* by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Attachments: # 1 Declaration of Eric Bjornlund, # 2 Declaration of Zan Northrip, # 3 Declaration of Phillip Green, # 4 Declaration of Elisabeth Sigler, # 5 Text of Proposed Order)(Wirth, Stephen) (Entered: 02/24/2025) |
| 02/24/2025 | | MINUTE ORDER. The Court is in receipt of Plaintiffs' 36 emergency motion to enforce. The Court will hold a telephonic motion hearing on February 25, 2025, at 11:00 a.m. The information for the public access line is as follows: the toll–free number is 833–990–9400, and the Meeting ID is 771021014. Signed by Judge Amir H. Ali on 2/24/2025. (lcaha1) Modified on 2/25/2025. (zalh) (Entered: 02/24/2025) |
| 02/25/2025 | 37 | TRANSCRIPT OF MOTION HEARING before Judge Amir H. Ali held on February 25, 2025; Page Numbers: 1–60. Date of Issuance: 2/25/2025. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/18/2025. Redacted Transcript Deadline set for 3/28/2025. Release of Transcript Restriction set for 5/26/2025.(Wayne, Bryan) (Entered: 02/25/2025) |
| 02/25/2025 | | Minute Entry and Order for proceedings held via Zoom before Judge Amir H. Ali: Motion Hearing held on 2/25/2025 re 36 Emergency MOTION to Enforce *Temporary Restraining Order* filed by GLOBAL HEALTH COUNCIL, DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, CHEMONICS INTERNATIONAL, INC., MANAGEMENT SCIENCES FOR HEALTH, INC., HIAS. Oral arguments HEARD, motion GRANTED for the reasons stated on the record. The restrained defendants are ordered to comply as discussed by 11:59 p.m. on February 26, 2025. (Court Reporter Bryan Wayne) (znbn) (Entered: 02/25/2025) |
| 02/25/2025 | 38 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to Order on Motion to Enforce,,, Motion Hearing,, by MARCO RUBIO, PETER MAROCCO, |

| | | |
|---|---|---|
| | | RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. Fee Status: No Fee Paid. Parties have been notified. (Sur, Indraneel) Modified event on 2/26/2025 (mg). (Entered: 02/25/2025) |
| 02/25/2025 | 39 | MOTION to Stay re Order on Motion to Enforce,,, Motion Hearing,, by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Attachments: # 1 Declaration)(Sur, Indraneel) (Entered: 02/25/2025) |
| 02/25/2025 | | USCA Case Number 25−5047 for 38 Notice of Appeal to DC Circuit Court, filed by RUSSELL T. VOUGHT, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, PETER MAROCCO, DONALD J. TRUMP, MARCO RUBIO, UNITED STATES DEPARTMENT OF STATE. (mg) (Entered: 02/26/2025) |
| 02/26/2025 | 40 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 38 Notice of Appeal to DC Circuit Court,. (mg) (Entered: 02/26/2025) |
| 02/26/2025 | 41 | ORDER denying Defendants' 39 motion to stay. See document for details. Defendants shall promptly file notice of this order with the Court of Appeals. Signed by Judge Amir H. Ali on 2/26/2025. (lcaha2) (Entered: 02/26/2025) |
| 02/26/2025 | 42 | Joint STATUS REPORT by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Attachments: # 1 Declaration of Zahra Doe, # 2 Declaration of Della Doe, # 3 Declaration of Ellie Doe, # 4 Declaration of Clara Doe, # 5 Declaration of Sandra Doe)(Wirth, Stephen) (Entered: 02/26/2025) |
| 02/26/2025 | 43 | LARGE ADDITIONAL ATTACHMENT(S) *Defense Exhibits A and B* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP 42 Status Report, filed by GLOBAL HEALTH COUNCIL, DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, CHEMONICS INTERNATIONAL, INC., MANAGEMENT SCIENCES FOR HEALTH, INC., HIAS. (Attachments: # 1 Declaration)(Sur, Indraneel) (Entered: 02/26/2025) |
| 02/26/2025 | 44 | LARGE ADDITIONAL ATTACHMENT(S) *Defense Exhibit C* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP 43 Large Additional Attachment(s),, filed by RUSSELL T. VOUGHT, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, PETER MAROCCO, DONALD J. TRUMP, |

| | | MARCO RUBIO, UNITED STATES DEPARTMENT OF STATE. (Sur, Indraneel) (Entered: 02/26/2025) |
|---|---|---|
| 02/26/2025 | 45 | NOTICE *by Defense in Clarification* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP re 42 Status Report, (Sur, Indraneel) (Entered: 02/26/2025) |
| 02/27/2025 | 46 | REPLY to opposition to motion re 4 Motion for TRO,, Motion for Preliminary Injunction, filed by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Attachments: # 1 Declaration of Can Varol, # 2 Declaration of James Butcher, # 3 Declaration of Jane Doe, # 4 Declaration of Jessica Doe, # 5 Declaration of Jocelyn Doe, # 6 Text of Proposed Order)(Wirth, Stephen) (Entered: 02/27/2025) |
| 03/03/2025 | 47 | MOTION for Leave to File *Supplement to the Record* by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Attachments: # 1 Declaration of Nicholas Enrich, # 2 Exhibit (OMB Budget Data Request No. 25–08), # 3 Text of Proposed Order)(Wirth, Stephen) (Entered: 03/03/2025) |
| 03/03/2025 | | MINUTE ORDER. The Court's hearing on preliminary injunction motions in this case and No. 25–cv–00400, planned for March 4, 2025, will be held on March 6, 2025, at 2:00 p.m. in Courtroom 19– In Person before Judge Amir H. Ali. The Court will consider the parties' arguments and issue an opinion thereafter with full dispatch. The expiration date for the Court's temporary restraining order remains 11:59 p.m. on March 10, 2025, or the date the Court resolves the preliminary injunction motions, whichever is sooner. Signed by Judge Amir H. Ali on 3/3/2025. (lcaha2) Modified on 3/4/2025. (zalh) (Entered: 03/03/2025) |
| 03/03/2025 | 48 | MOTION for Leave to File *Partially Opposed Surreply* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Attachments: # 1 Proposed Surreply, # 2 Declaration, # 3 Text of Proposed Order)(Sur, Indraneel) (Entered: 03/03/2025) |
| 03/05/2025 | | MINUTE ORDER. The parties shall meet and confer and file a joint status report by 11:00 a.m. tomorrow proposing a schedule for Defendants to come into compliance with the Court's temporary restraining order ("TRO") and the Court's February 25, 2025, order enforcing the TRO. The joint status report need not address compliance with the February 25, 2025, order for the period that the order was subject to administrative stay; however, it should address steps taken during all other periods up until the filing of the joint status report and include specificity with respect to milestones and timelines for Defendants coming into compliance thereafter. The parties' proposed schedule should account for the length of time that has passed since the TRO was entered and the feasibility of any compliance timelines. |

| | | |
|---|---|---|
| | | At the preliminary injunction hearing tomorrow, the parties should be prepared to address the substantive arguments at issue in the preliminary injunction motions. The Court will hear argument from all parties; however, Plaintiffs in the two cases are encouraged to coordinate to avoid duplicative arguments and will be given the opportunity to propose a division of the issues between counsel. The parties should also be prepared to discuss the steps Defendants have taken to come into compliance with the Court's orders, including any further steps that were executed following the parties' joint status report, as well as the parties' proposed schedule for Defendants coming into compliance. Signed by Judge Amir H. Ali on 3/5/2025. (lcaha2) (Entered: 03/05/2025) |
| 03/05/2025 | | MINUTE ORDER. A public access line will be provided for tomorrow's preliminary injunction hearing. The information for the public access line is as follows: the toll–free number is 833–990–9400, and the Meeting ID is 771021014. Persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. *See In re: Prohibition on Photographing, Recording, Broadcasting, and Livestreaming Judicial Proceedings*, Standing Order 24–31 (JEB) (Sept. 18, 2024). Signed by Judge Amir H. Ali on 3/5/2025. (lcaha2) (Entered: 03/05/2025) |
| 03/05/2025 | 49 | Consent MOTION for Leave to File *Response to Plaintiffs' Supplemental Materials* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Attachments: # 1 Response to Plaintiffs' Supplemental Materials, # 2 Text of Proposed Order)(Sur, Indraneel) (Entered: 03/05/2025) |
| 03/06/2025 | 50 | Joint STATUS REPORT by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Wirth, Stephen) (Entered: 03/06/2025) |
| 03/06/2025 | 51 | NOTICE OF SUPPLEMENTAL AUTHORITY by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP (Sur, Indraneel) (Entered: 03/06/2025) |
| 03/06/2025 | | Minute Entry for proceedings held before Judge Amir H. Ali: Motion Hearing held on 3/6/2025. Oral arguments on preliminary injunction motions heard. (Court Reporter Sonja Reeves) (znbn) (Entered: 03/06/2025) |
| 03/07/2025 | 52 | NOTICE *regarding Court inquiry of March 6, 2025* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP re 50 Status Report, (Sur, Indraneel) (Entered: 03/07/2025) |
| 03/07/2025 | 53 | NOTICE *responding to Court's request for information regarding Plaintiffs' and Plaintiffs' members' invoices* by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS |

| | | |
|---|---|---|
| | | INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION re Status Conference (Pei, Sally) (Entered: 03/07/2025) |
| 03/07/2025 | | MINUTE ORDER. As discussed at yesterday's hearing, the Court believes it would be helpful to have additional information to serve as benchmarks in assessing feasibility in reaching compliance with the TRO. These benchmarks will allow the Court to continue to provide clarity as to what is needed for compliance with the TRO, while ensuring that due regard is given to feasibility. As the parties discussed, such benchmarks would also be pertinent to the Court's consideration of any relief to be granted in a preliminary injunction. The Court is in receipt of Defendants' 52 notice stating that they are not currently able to provide information regarding the number of payments processed for Plaintiffs as it relates to Defendants' paragraph 10 in the parties' 50 joint status report, and may need until noon on Monday to provide this information. If Plaintiffs can offer any information or estimate as to how many outstanding invoices were processed in the period described, they should provide that information to the Court as soon as possible.<br><br>Furthermore, in the interest of facilitating the Court's ruling with respect to enabling letter of credit drawdown and reimbursement requests for Plaintiffs and their members, the parties shall confer and file a brief joint status report by 5:00 p.m. today addressing whether such requests have been enabled and, if not, the agreed upon timeline for doing so. Signed by Judge Amir H. Ali on 3/7/2025. (lcaha2) (Entered: 03/07/2025) |
| 03/07/2025 | 54 | STATUS REPORT *in response to Order of March 7, 2025* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Sur, Indraneel) (Entered: 03/07/2025) |
| 03/08/2025 | 55 | Unopposed MOTION for Leave to File *Supplemental Declaration* by GLOBAL HEALTH COUNCIL, SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., AMERICAN BAR ASSOCIATION. (Attachments: # 1 Declaration of Vladimir Gurin, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Wirth, Stephen) (Entered: 03/08/2025) |
| 03/09/2025 | 56 | Consent MOTION for Leave to File *response to supplemental matter* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Attachments: # 1 Proposed Response, # 2 Text of Proposed Order)(Sur, Indraneel) (Entered: 03/09/2025) |
| 03/09/2025 | 57 | NOTICE *of supplemental material* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP re 44 Large Additional Attachment(s),, (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Sur, Indraneel) (Entered: 03/09/2025) |

| 03/10/2025 | 58 | TRANSCRIPT OF MOTION HEARING, ORAL ARGUMENT ON PRELIMINARY INJUNCTION, before Judge Amir H. Ali held on March 6, 2025; Page Numbers: 1–176. Date of Issuance:March 7, 2025. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse or at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/31/2025. Redacted Transcript Deadline set for 4/10/2025. Release of Transcript Restriction set for 6/8/2025.(Reeves, Sonja) (Entered: 03/10/2025) |
| --- | --- | --- |
| 03/10/2025 | 59 | NOTICE of Supplemental Authority *regarding ruling in 25−cv−469* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP re 51 NOTICE OF SUPPLEMENTAL AUTHORITY (Attachments: # 1 Exhibit)(Sur, Indraneel) Modified event title on 3/11/2025 (znmw). (Entered: 03/10/2025) |
| 03/10/2025 | | MINUTE ORDER. The Constitutional Accountability Center's 26 motion for leave to file an amicus curiae brief; Plaintiffs' 47 55 motions for leave to supplement the record; Defendants' 48 motion for leave to file a sur–reply; and Defendants' 49 56 motions for leave to respond to Plaintiffs' supplemental materials are granted. Signed by Judge Amir H. Ali on 3/10/2025. (lcaha3) (Entered: 03/10/2025) |
| 03/10/2025 | 60 | MEMORANDUM OPINION AND ORDER. Plaintiffs' 4 motion for a preliminary injunction is granted in part and denied in part. See document for details. The parties shall file a joint status report by March 14, 2025, that apprises the Court of Defendants' compliance with this order and proposes a schedule for next steps in this matter. Signed by Judge Amir H. Ali on 3/10/2025. (lcaha2) (Entered: 03/10/2025) |
| 03/11/2025 | | Set/Reset Deadlines: Joint Status Report due by 3/14/2025. (zalh) (Entered: 03/11/2025) |
| 03/14/2025 | 61 | Joint STATUS REPORT *under Order of March 10, 2025* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Sur, Indraneel) (Entered: 03/14/2025) |
| 03/17/2025 | 62 | LEAVE TO FILE DENIED– Robert Heghmann's Petition. This document is unavailable as the Court denied its filing. Pro Se party has been notified by first class mail. "LEAVE TO FILE DENIED." Signed by Judge Amir H. Ali on 3/17/2025. (mg) |

| | | |
|---|---|---|
| | | (Entered: 03/17/2025) |
| 03/17/2025 | | MINUTE ORDER. The Court is in receipt of the parties' 61 joint status report. The Court's March 10, 2025, preliminary injunction adopted a feasibility benchmark of approximately 300 payments per day. By March 19, 2025, Defendants shall submit a status report which includes the updated total number of payments for work completed prior to February 13, 2025 (1) which have been processed since March 10 for Plaintiffs; (2) which have been processed since March 10 for non–Plaintiffs; and (3) which remain to be processed for Plaintiffs and non–Plaintiffs. Defendants' status report shall include a proposed timeline for processing the remaining payments that is consistent with the Court's benchmark. Signed by Judge Amir H. Ali on 3/17/2025. (lcaha2) (Entered: 03/17/2025) |
| 03/19/2025 | 63 | STATUS REPORT *under Order of March 17, 2025* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Sur, Indraneel) (Entered: 03/19/2025) |
| 03/24/2025 | | MINUTE ORDER. The Court is in receipt of Defendants' 63 status report. Defendants propose to submit another status report by March 27, 2025. Defendants shall file another status report by March 27, 2025, which includes the same information as directed in the Court's March 17, 2025, minute order, and every seven days thereafter until otherwise ordered by the Court. Signed by Judge Amir H. Ali on 3/24/2025. (lcaha2) (Entered: 03/24/2025) |
| 03/27/2025 | 64 | STATUS REPORT *respecting Order of March 24, 2025* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Sur, Indraneel) (Entered: 03/27/2025) |
| 03/28/2025 | | MINUTE ORDER. The Court is in receipt of Defendants' 64 status report. Defendants' proposed timeline appears consistent with the Court's feasibility benchmark with respect to work completed prior to February 13, 2025. To the extent the parties have outstanding disputes regarding Defendants' compliance, or further information required from Plaintiffs in order for Defendants to meaningfully comply, as it relates to terminations, suspensions, or stop–work orders issued between January 20, 2025, and February 13, 2025, the parties shall meet and confer and attempt to resolve such issues.<br><br>In their next status report, Defendants shall also include (1) the steps they have taken to date to comply with the preliminary injunction's directive that Defendants "are enjoined from unlawfully impounding congressionally appropriated foreign aid funds and shall make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024," and (2) any next steps necessary to come into compliance with that aspect of the Court's preliminary injunction. Signed by Judge Amir H. Ali on 3/28/2025. (lcaha2) (Entered: 03/28/2025) |
| 04/01/2025 | 65 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to 60 Memorandum & Opinion, by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF |

| | | |
|---|---|---|
| | | MANAGEMENT AND BUDGET, DONALD J. TRUMP. Fee Status: No Fee Paid. Parties have been notified. (Sur, Indraneel) Modified event on 4/2/2025 (mg). (Entered: 04/01/2025) |
| 04/02/2025 | 66 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 65 Notice of Appeal to DC Circuit Court,. (mg) (Entered: 04/02/2025) |
| 04/02/2025 | | USCA Case Number 25−5097 for 65 Notice of Appeal to DC Circuit Court, filed by RUSSELL T. VOUGHT, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, PETER MAROCCO, DONALD J. TRUMP, MARCO RUBIO, UNITED STATES DEPARTMENT OF STATE. (mg) (Entered: 04/02/2025) |
| 04/03/2025 | 67 | STATUS REPORT *under Order of March 28, 2025* by MARCO RUBIO, PETER MAROCCO, RUSSELL T. VOUGHT, UNITED STATES DEPARTMENT OF STATE, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, DONALD J. TRUMP. (Sur, Indraneel) (Entered: 04/03/2025) |
| 04/05/2025 | 68 | NOTICE of Appearance by Daniel F. Jacobson on behalf of All Plaintiffs (Jacobson, Daniel) (Entered: 04/05/2025) |
| 04/10/2025 | 69 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, MARCO RUBIO, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Sur, Indraneel) (Entered: 04/10/2025) |
| 04/11/2025 | 70 | Unopposed MOTION to Stay re 60 Memorandum & Opinion, *and Opposed Motion for Rule 62.1 Indicative Ruling* by DONALD J. TRUMP, MARCO RUBIO, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Attachments: # 1 Text of Proposed Order Prp Order re Unopposed Stay Mot Pending Decision on Rule 62.1 Mot)(Sur, Indraneel) (Entered: 04/11/2025) |
| 04/11/2025 | | MINUTE ORDER. Defendants' 70 unopposed motion for a partial administrative stay of this Court's March 10, 2025, preliminary injunction is granted. Pending this Court's ruling on Defendants' 70 motion for an indicative ruling, the preliminary injunction's requirement that "the Restrained Defendants shall not withhold payments or letter of credit drawdowns for work completed prior to February 13, 2025," as to "any grants, cooperative agreements, or contracts for foreign assistance" is stayed except as it relates to Plaintiffs in No. 25−cv−00400 and No. 25−cv−00402. Plaintiffs shall respond to Defendants' motion for an indicative ruling by April 16, 2025. Defendants shall file any reply by April 18, 2025.<br><br>Defendants' April 10, 2025, status report states that they expect to be in full compliance with the preliminary injunction as it relates to payments to Plaintiffs by April 25, 2025. Defendants' April 3, 2025, status report also states that they are engaged in a programmatic review of foreign assistance programs related to the obligation of appropriated foreign assistance funds and that the review will be complete by April 19, 2025. Defendants' status reports should continue to provide |

| | | |
|---|---|---|
| | | updates on these topics and any other updates related to compliance with the preliminary injunction. Signed by Judge Amir H. Ali on 4/11/2025. (lcaha2) Modified on 4/16/2025. (zalh) (Entered: 04/11/2025) |
| 04/11/2025 | | MINUTE ORDER. The Court will hold a status conference on May 6, 2025, at 2:30 p.m. in Courtroom 19. Signed by Judge Amir H. Ali on 4/11/2025. (lcaha2) (Entered: 04/11/2025) |
| 04/14/2025 | | MINUTE ORDER. The briefing schedule for Defendants' 70 motion for an indicative ruling is amended as follows: Plaintiffs shall respond to Defendants' motion by April 25, 2025. Defendants shall file any reply by May 2, 2025. Signed by Judge Amir H. Ali on 4/14/2025. (lcaha2) (Entered: 04/14/2025) |
| 04/17/2025 | 71 | NOTICE of Appearance by John Robinson on behalf of All Plaintiffs (Robinson, John) (Entered: 04/17/2025) |
| 04/17/2025 | 72 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, MARCO RUBIO, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Sur, Indraneel) (Entered: 04/17/2025) |
| 04/22/2025 | 73 | AMENDED COMPLAINT *OF GLOBAL HEALTH COUNCIL PLAINTIFFS* against All Defendants filed by DEMOCRACY INTERNATIONAL, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES, GLOBAL HEALTH COUNCIL, CONSTITUTIONAL ACCOUNTABILITY CENTER, DAI GLOBAL LLC, HIAS, AMERICAN BAR ASSOCIATION, MANAGEMENT SCIENCES FOR HEALTH, INC., CHEMONICS INTERNATIONAL, INC..(Jacobson, Daniel) (Entered: 04/22/2025) |
| 04/22/2025 | 74 | MANDATE of USCA as to 38 Notice of Appeal to DC Circuit Court, filed by RUSSELL T. VOUGHT, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, PETER MAROCCO, DONALD J. TRUMP, MARCO RUBIO, UNITED STATES DEPARTMENT OF STATE ; USCA Case Number 25–5047. (Attachments: # 1 USCA Order 2/26/2025)(mg) (Entered: 04/23/2025) |
| 04/24/2025 | 75 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Sur, Indraneel) (Entered: 04/24/2025) |
| 04/25/2025 | 76 | ENTERED IN ERROR.....Memorandum in opposition to re 70 Unopposed MOTION to Stay re 60 Memorandum & Opinion, *and Opposed Motion for Rule 62.1 Indicative Ruling* filed by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Jacobson, Daniel) Modified on 4/29/2025, refiled at docket entry 77 (mg). (Entered: 04/25/2025) |
| 04/25/2025 | 77 | Memorandum in opposition to re 70 Unopposed MOTION to Stay re 60 Memorandum & Opinion, *and Opposed Motion for Rule 62.1 Indicative Ruling* filed by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., |

| | | |
|---|---|---|
| | | DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Jacobson, Daniel) (Entered: 04/25/2025) |
| 04/29/2025 | 78 | Unopposed MOTION for Extension of Time to *respond to amended complaint* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Attachments: # 1 Text of Proposed Order)(Sur, Indraneel) (Entered: 04/29/2025) |
| 04/29/2025 | | MINUTE ORDER. Defendants' 78 unopposed motion for an extension of time to respond to the amended complaint is granted. Defendants shall respond to the amended complaint by June 3, 2025. Signed by Judge Amir H. Ali on 4/29/2025. (lcaha2) (Entered: 04/29/2025) |
| 05/01/2025 | 79 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Sur, Indraneel) (Entered: 05/01/2025) |
| 05/02/2025 | | MINUTE ORDER. The Court has scheduled a status conference for May 6, 2025, at 2:30 p.m. The parties should be prepared to discuss developments in the case since the preliminary injunction was issued. Each party will also be given an opportunity to make submissions on Defendants' 70 motion for an indicative ruling. Signed by Judge Amir H. Ali on 5/2/2025. (lcaha2) (Entered: 05/02/2025) |
| 05/02/2025 | 80 | REPLY to opposition to motion re 70 Motion to Stay, filed by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Sur, Indraneel) (Entered: 05/02/2025) |
| 05/04/2025 | 81 | NOTICE OF SUPPLEMENTAL AUTHORITY by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT (Attachments: # 1 Exhibit CADC No. 25–5144 Order (May 3, 2025))(Sur, Indraneel) (Entered: 05/04/2025) |
| 05/05/2025 | 82 | RESPONSE re 79 Status Report filed by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # 1 Exhibit A – Email Chain, # 2 Exhibit B – DOGE, # 3 Exhibit C – USAID KEA Transition Guidance)(Jacobson, Daniel) (Entered: 05/05/2025) |
| 05/06/2025 | | MINUTE ORDER. A public access line will be provided for today's status conference and motion hearing. The information for the public access line is as follows: the toll–free number is 833–990–9400, and the Meeting ID is 771021014. Persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. *See In re:* |

| | | |
|---|---|---|
| | | *Prohibition on Photographing, Recording, Broadcasting, and Livestreaming Judicial Proceedings*, Standing Order 24–31 (JEB) (Sept. 18, 2024). Signed by Judge Amir H. Ali on 5/6/2025. (lcaha2) (Entered: 05/06/2025) |
| 05/06/2025 | | Minute Entry for proceedings held before Judge Amir H. Ali: Motion Hearing held on 5/6/2025 re 70 Unopposed MOTION to Stay re 60 Memorandum & Opinion, *and Opposed Motion for Rule 62.1 Indicative Ruling*. Oral arguments heard. The Court takes the motion under advisement. (Court Reporter: Stacy Johns) (zalh) (Entered: 05/07/2025) |
| 05/07/2025 | 83 | NOTICE of Appearance by William Perdue on behalf of All Plaintiffs (Perdue, William) (Entered: 05/07/2025) |
| 05/08/2025 | | MINUTE ORDER. In light of attorney William Perdue's 83 notice of appearance, Plaintiffs' 14 motion for leave to appear pro hac vice is denied as moot. Signed by Judge Amir H. Ali on 5/8/2025. (lcaha2) (Entered: 05/08/2025) |
| 05/08/2025 | 84 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Sur, Indraneel) (Entered: 05/08/2025) |
| 05/13/2025 | 85 | ORDER. Defendants' 70 motion for an indicative ruling is denied. The administrative stay entered by the Court on April 11, 2025, is vacated. See document for details. Signed by Judge Amir H. Ali on 5/13/2025. (lcaha2) (Entered: 05/13/2025) |
| 05/15/2025 | 86 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL T. VOUGHT. (Sur, Indraneel) (Entered: 05/15/2025) |
| 05/22/2025 | 87 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 05/22/2025) |
| 05/29/2025 | 88 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 05/29/2025) |
| 06/03/2025 | 89 | STRICKEN PURSUANT TO MINUTE ORDER FILED ON 6/5/2025.....MOTION to Dismiss *under Rule 12(b)(1) or 12(b)(6)* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Attachments: # 1 Appendix, # 2 Text of Proposed Order)(Sur, Indraneel) Modified on 6/6/2025. (zalh) (Entered: 06/03/2025) |
| 06/05/2025 | | MINUTE ORDER. Defendants' 89 motion to dismiss is stricken for failure to comply with Local Civil Rule 7(e). By June 12, 2025, Defendants may either (1) file |

| | | |
|---|---|---|
| | | individual motions of no more than forty–five pages in each of the two cases, or (2) file a consolidated motion of no more than sixty–five pages. Plaintiffs in the two cases may either (1) file individual oppositions of no more than forty–five pages, or (2) file a consolidated opposition of no more than sixty–five pages. Any future enlargements requested in this case shall be accompanied by a motion submitted at least five days before the relevant filing deadline.<br><br>Pursuant to Local Civil Rule 7(b) and (d), Plaintiffs' oppositions are due fourteen days after service of Defendants' renewed motions; Defendants' replies are due seven days after service of the oppositions. Signed by Judge Amir H. Ali on 6/5/2025. (lcaha2) (Entered: 06/05/2025) |
| 06/05/2025 | 90 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 06/05/2025) |
| 06/12/2025 | 91 | NOTICE of Appearance by Joshua Nathaniel Schopf on behalf of All Defendants (Schopf, Joshua) (Entered: 06/12/2025) |
| 06/12/2025 | 92 | Amended MOTION to Dismiss *combined with No. 25−cv−400*, Amended MOTION to Dismiss for Lack of Jurisdiction *combined with No. 25−cv−400* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Attachments: # 1 Appendix, # 2 Text of Proposed Order)(Sur, Indraneel) (Entered: 06/12/2025) |
| 06/12/2025 | 93 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, MARCO RUBIO, OFFICE OF MANAGEMENT AND BUDGET, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 06/12/2025) |
| 06/20/2025 | 94 | STATUS REPORT by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Schopf, Joshua) (Entered: 06/20/2025) |
| 06/23/2025 | 95 | Consent MOTION for Extension of Time to File Response/Reply as to 92 Amended MOTION to Dismiss *combined with No. 25−cv−400*Amended MOTION to Dismiss for Lack of Jurisdiction *combined with No. 25−cv−400* , Consent MOTION for Leave to File Excess Pages by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # 1 Text of Proposed Order)(Jacobson, Daniel) (Entered: 06/23/2025) |
| 06/23/2025 | | MINUTE ORDER. Plaintiffs' 95 consent motion for extension of time to respond to Defendants' 92 motion to dismiss is granted. Plaintiffs' deadline to respond to the motion to dismiss is extended to July 17, 2025. Plaintiffs may file a combined sixty–page memorandum in opposition to the motion to dismiss and in support of |

| | | Plaintiffs' forthcoming motion for a preliminary injunction and/or summary judgment. Signed by Judge Amir H. Ali on 6/23/2025. (lcaha2) (Entered: 06/23/2025) |
|---|---|---|
| 06/24/2025 | 96 | NOTICE of Appearance by Samuel Francis Callahan on behalf of All Plaintiffs (Callahan, Samuel) (Entered: 06/24/2025) |
| 06/24/2025 | 97 | MOTION to Enforce *Preliminary Injunction* by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Text of Proposed Order)(Jacobson, Daniel) (Entered: 06/24/2025) |
| 06/24/2025 | | MINUTE ORDER. The Court is in receipt of Plaintiffs' 97 motion to enforce the preliminary injunction. Defendants shall respond to the motion by June 30, 2025. Plaintiffs shall file any reply by July 3, 2025. Signed by Judge Amir H. Ali on 6/24/2025. (lcaha2) (Entered: 06/24/2025) |
| 06/26/2025 | 98 | STATUS REPORT by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Schopf, Joshua) (Entered: 06/26/2025) |
| 06/30/2025 | 99 | Memorandum in opposition to re 97 MOTION to Enforce *Preliminary Injunction* filed by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Sur, Indraneel) (Entered: 06/30/2025) |
| 07/03/2025 | 100 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 07/03/2025) |
| 07/03/2025 | 101 | REPLY to opposition to motion re 97 Motion to Enforce, filed by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # 1 Declaration of Zahra Doe)(Jacobson, Daniel) (Entered: 07/03/2025) |
| 07/08/2025 | 102 | Unopposed MOTION for Leave to File *surreply re GHC Plaintiffs' motion to enforce* by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Attachments: # 1 prp surreply, # 2 Text of Proposed Order)(Sur, Indraneel) (Entered: 07/08/2025) |
| 07/10/2025 | 103 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) |

| | | |
|---|---|---|
| | | (Entered: 07/10/2025) |
| 07/11/2025 | 104 | MOTION To Hold in Abeyance Briefing Schedule on Defendants' Motion to Dismiss re 92 Amended MOTION to Dismiss *combined with No. 25−cv−400* Amended MOTION to Dismiss for Lack of Jurisdiction *combined with No. 25−cv−400* by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # 1 Text of Proposed Order)(Jacobson, Daniel) (Entered: 07/11/2025) |
| 07/15/2025 | | MINUTE ORDER. Plaintiffs' 104 motion to hold in abeyance the briefing schedule on Defendants' 92 motion to dismiss is granted. The briefing schedule on Defendants' 92 motion to dismiss is held in abeyance pending the D.C. Circuit's ruling on Defendants' appeal of the preliminary injunction. Within three days of the D.C. Circuit's decision in the pending appeal, the parties shall submit a joint status report proposing a new briefing schedule. Signed by Judge Amir H. Ali on 7/15/2025. (lcaha2) (Entered: 07/15/2025) |
| 07/17/2025 | 105 | MOTION to Withdraw as Attorney *Allison Gardner* by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Gardner, Allison) (Entered: 07/17/2025) |
| 07/17/2025 | 106 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 07/17/2025) |
| 07/18/2025 | | MINUTE ORDER. Plaintiffs' 105 motion to withdraw the appearance of attorney Allison Gardner is granted. Gardner is hereby terminated as counsel for Plaintiffs, who remain represented by other counsel. Signed by Judge Amir H. Ali on 7/18/2025. (lcaha2) (Entered: 07/18/2025) |
| 07/21/2025 | | MINUTE ORDER. Defendants' 102 unopposed motion for leave to file a sur−reply regarding Plaintiffs' 97 motion to enforce the preliminary injunction is granted. Signed by Judge Amir H. Ali on 7/21/2025. (lcaha2) (Entered: 07/21/2025) |
| 07/21/2025 | 107 | ORDER. Plaintiffs' 97 motion to enforce the preliminary injunction is granted in part and denied in part. See document for details. Defendants shall file any response to Plaintiffs' request to depose their declarant in aid of enforcing the preliminary injunction by July 23, 2025, and Plaintiffs shall file any reply by July 25, 2025. Signed by Judge Amir H. Ali on 7/21/2025. (lcaha2) (Entered: 07/21/2025) |
| 07/21/2025 | 112 | SURREPLY to re 97 MOTION to Enforce *Preliminary Injunction* filed by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (mg) (Entered: 08/04/2025) |
| 07/23/2025 | 108 | SUPPLEMENTAL MEMORANDUM to re 97 Motion to Enforce,, Set/Reset Deadlines, *in further opposition to GHC Motion to Enforce* filed by DONALD J. |

| | | TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) Modified link on 7/24/2025 (mg). (Entered: 07/23/2025) |
|---|---|---|
| 07/24/2025 | 109 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 07/24/2025) |
| 07/25/2025 | 110 | REPLY re 97 MOTION to Enforce *Preliminary Injunction in support of request to depose Jeremy Lewin* filed by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Jacobson, Daniel) (Entered: 07/25/2025) |
| 07/31/2025 | 111 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 07/31/2025) |
| 08/07/2025 | 113 | STATUS REPORT by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Schopf, Joshua) (Entered: 08/07/2025) |
| 08/08/2025 | 114 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Edelman, Christopher) (Entered: 08/08/2025) |
| 08/11/2025 | 115 | MOTION to Clarify re 107 Order on Motion to Enforce,, Set/Reset Deadlines, by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Attachments: # 1 Text of Proposed Order)(Sur, Indraneel) (Entered: 08/11/2025) |
| 08/14/2025 | 116 | STATUS REPORT by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Schopf, Joshua) (Entered: 08/14/2025) |
| 08/15/2025 | 117 | MOTION to Stay re 60 Memorandum & Opinion, *for partial stay pending D.C. Circuit mandate issuance* by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Attachments: # 1 Text |

| | | |
|---|---|---|
| | | of Proposed Order)(Sur, Indraneel) (Entered: 08/15/2025) |
| 08/15/2025 | | MINUTE ORDER. The Court is in receipt of Defendants' 117 motion for partial stay of preliminary injunction pending issuance of D.C. Circuit mandate. Plaintiffs shall respond to the motion by August 19, 2025. Defendants shall file any reply by August 20, 2025. Signed by Judge Amir H. Ali on 8/15/2025. (lcaha2) (Entered: 08/15/2025) |
| 08/18/2025 | 118 | Joint STATUS REPORT by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Jacobson, Daniel) (Entered: 08/18/2025) |
| 08/19/2025 | | MINUTE ORDER. The Court is in receipt of the parties' 118 joint status report. Within three days of the D.C. Circuit's disposition of Plaintiffs' pending petition for en banc rehearing, the parties shall submit a joint status report proposing a new briefing schedule on Defendants' 92 motion to dismiss. Signed by Judge Amir H. Ali on 8/19/2025. (lcaha2) (Entered: 08/19/2025) |
| 08/19/2025 | 119 | RESPONSE re 117 MOTION to Stay re 60 Memorandum & Opinion, *for partial stay pending D.C. Circuit mandate issuance* filed by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Jacobson, Daniel) (Entered: 08/19/2025) |
| 08/20/2025 | 120 | NOTICE OF SUPPLEMENTAL AUTHORITY by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES (Attachments: # 1 Exhibit A – Order)(Jacobson, Daniel) (Entered: 08/20/2025) |
| 08/20/2025 | | MINUTE ORDER. The Court will hold a status conference on August 25, 2025, at 1:30 p.m. in Courtroom 19. Defendants are reminded, consistent with the en banc D.C. Circuit's order this morning, that "the preliminary injunction that requires the government to obligate the appropriated funds remains in effect." Order, *Glob. Health Council v. Trump*, No. 25–5097 (D.C. Cir. Aug. 20, 2025). Defendants accordingly remain under the obligation to take steps to comply with the preliminary injunction absent further order of the Circuit or this Court. Defendants have previously represented it remains feasible to comply with the requirement to obligate the appropriated funds and that they have developed a plan to do so.<br><br>Defendants should be prepared to discuss at the hearing what steps they have taken and need to take to ensure that compliance remains feasible. Signed by Judge Amir H. Ali on 8/20/2025. (lcaha2) (Entered: 08/20/2025) |
| 08/20/2025 | 121 | REPLY to opposition to motion re 117 Motion to Stay, filed by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 08/20/2025) |
| 08/21/2025 | 122 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, |

| | | |
|---|---|---|
| | | UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 08/21/2025) |
| 08/25/2025 | 123 | NOTICE *of recent filing in D.C. Circuit* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT (Attachments: # 1 Exhibit)(Sur, Indraneel) (Entered: 08/25/2025) |
| 08/25/2025 | | Minute Entry for proceedings held before Judge Amir H. Ali: Status Conference held on 8/25/2025. The Court Heard Oral Arguments From The Parties. (Court Reporter SONJA REEVES.) (mac) (Entered: 08/25/2025) |
| 08/25/2025 | 124 | RESPONSE re 115 MOTION to Clarify re 107 Order on Motion to Enforce,, Set/Reset Deadlines, filed by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # 1 Text of Proposed Order)(Jacobson, Daniel) (Entered: 08/25/2025) |
| 08/25/2025 | 125 | MOTION to Clarify *(Conditional) and for Indicative Ruling* by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # 1 Exhibit A – Categories for which Plaintiffs would compete, # 2 Exhibit B – Categories under which Plaintiffs have received awards, # 3 Exhibit C – ABA Declaration, # 4 Exhibit D – Chemonics Declaration, # 5 Exhibit E – DAI Declaration, # 6 Exhibit F – Democracy International Declaration, # 7 Exhibit G – GHC Declaration, # 8 Exhibit H – HIAS Declaration, # 9 Exhibit I – MSH Declaration, # 10 Exhibit J – SBAIC Declaration, # 11 Exhibit K – Explanatory Statement, # 12 Text of Proposed Order)(Jacobson, Daniel) (Entered: 08/25/2025) |
| 08/25/2025 | 126 | ORDER. Defendants' 117 motion for partial stay of preliminary injunction pending issuance of D.C. Circuit mandate is denied. See document for details. The parties shall promptly file notice of this order with the Court of Appeals. Signed by Judge Amir H. Ali on 8/25/2025. (lcaha2) (Entered: 08/25/2025) |
| 08/26/2025 | 127 | TRANSCRIPT OF STATUS CONFERENCE before Judge Amir H. Ali held on August 25, 2025; Page Numbers: 1–60. Date of Issuance: August 26, 2025. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, |

| | | |
|---|---|---|
| | | which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/16/2025. Redacted Transcript Deadline set for 9/26/2025. Release of Transcript Restriction set for 11/24/2025.(Reeves, Sonja) (Entered: 08/26/2025) |
| 08/27/2025 | | MINUTE ORDER. The Court is in receipt of Plaintiffs' 125 conditional motion to clarify preliminary injunction and for indicative ruling asking the Court to clarify the scope of the preliminary injunction in light of the Supreme Court's subsequent decision in *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025). At a status conference earlier this week, Defendants indicated that their change in position as to appropriate next steps was the result of *CASA*, but expressed uncertainty as to prior positions Defendants had taken on appeal regarding appropriate tailoring under *CASA*. ECF No. 127 at 28–30. In the interest of appropriately tailoring the preliminary injunction in light of *CASA*, Defendants shall respond to Plaintiffs' motion by September 3, 2025. Plaintiffs shall file any reply by September 8, 2025. Signed by Judge Amir H. Ali on 8/27/2025. (lcaha2) (Entered: 08/27/2025) |
| 08/28/2025 | 128 | STATUS REPORT *under Minute Order* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 08/28/2025) |
| 08/28/2025 | 138 | MANDATE of USCA as to 65 Notice of Appeal to DC Circuit Court, filed by MARCO A. RUBIO, RUSSELL VOUGHT, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, PETER MAROCCO, DONALD J. TRUMP, UNITED STATES DEPARTMENT OF STATE ; USCA Case Number 25–5097. (Attachments: # 1 USCA Judgment 8/28/2025)(mg) (Entered: 09/03/2025) |
| 08/29/2025 | 129 | NOTICE *of Transmittal of Special Message* by DONALD J. TRUMP, JEREMY LEWIN, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT (Attachments: # 1 Exhibit House Letter, # 2 Exhibit Senate Letter, # 3 Exhibit Package Enclosure)(Sur, Indraneel) (Entered: 08/29/2025) |
| 08/29/2025 | 130 | NOTICE of Appearance by Nina Cahill on behalf of All Plaintiffs (Cahill, Nina) (Entered: 08/29/2025) |
| 08/29/2025 | | MINUTE ORDER. The Court will hold a telephonic status conference today at 2:30 p.m. to discuss the parties' proposed next steps in light of the D.C. Circuit's issuance of its amended opinion and mandate. A public access line will be provided for the conference. The information for the public access line is as follows: the toll–free number is 833–990–9400, and the Meeting ID is 771021014. Persons remotely accessing court proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. *See In re: Prohibition on Photographing, Recording, Broadcasting, and Livestreaming Judicial Proceedings*, Standing Order 24–31 (JEB) (Sept. 18, 2024). Signed by Judge Amir H. Ali on 8/29/2025. (lcaha2) (Entered: 08/29/2025) |
| 08/29/2025 | | |

| | | |
|---|---|---|
| | | Minute Entry for telephonic proceedings held before Judge Amir H. Ali: Status Conference held on 8/29/2025. The Court And The Parties Discussed The Current Posture Of This Matter. (Court Reporter SONJA REEVES.) (mac) (Entered: 08/29/2025) |
| 08/29/2025 | 131 | TRANSCRIPT OF REMOTE PROCEEDINGS VIA TELECONFERENCE, STATUS CONFERENCE, before Judge Amir H. Ali held on August 29, 2025; Page Numbers: 1–34. Date of Issuance: August 29, 2025. Court Reporter/Transcriber Sonja L. Reeves, RDR, CRR, Telephone number (202) 354–3246, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/19/2025. Redacted Transcript Deadline set for 9/29/2025. Release of Transcript Restriction set for 11/27/2025.(Reeves, Sonja) (Entered: 08/29/2025) |
| 08/29/2025 | 132 | MOTION for Leave to File *Second Amended Complaint* by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # <u>1</u> Exhibit 1 – Second Amended Complaint (redline), # <u>2</u> Exhibit 2 – Second Amended Complaint (clean), # <u>3</u> Text of Proposed Order)(Jacobson, Daniel) (Entered: 08/29/2025) |
| 08/29/2025 | 133 | MOTION for Temporary Restraining Order , MOTION for Preliminary Injunction , MOTION for Partial Summary Judgment by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Exhibit A – categories for which plaintiffs compete, # <u>3</u> Exhibit B – categories under which plaintiffs have received awards, # <u>4</u> Declaration of Scott Carlson (ABA), # <u>5</u> Declaration of James Butcher (Chemonics), # <u>6</u> Declaration of Zan Northrip (DAI), # <u>7</u> Declaration of Eric Bjornlund (Democracy International), # <u>8</u> Declaration of Elisha Dunn–Georgiou (GHC), # <u>9</u> Declaration of Mark Hetfield (HIAS), # <u>10</u> Declaration of Marian W. Wentworth (MSH), # <u>11</u> Declaration of Bradford Johnson (SBAIC), # <u>12</u> Statement of Facts, # <u>13</u> Text of Proposed Order (Temporary Restraining Order), # <u>14</u> Text of Proposed Order (Preliminary Injunction and Partial Summary Judgment))(Jacobson, Daniel) (Entered: 08/29/2025) |
| 08/29/2025 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER. The Court is in receipt of Plaintiffs' <u>133</u> motion for a temporary restraining order, preliminary injunction, and partial summary judgment. Defendants shall respond to the motion by August 31, 2025, at 6:00 p.m. Plaintiffs shall file any reply by September 1, 2025, at 6:00 p.m. Signed by Judge Amir H. Ali on 8/29/2025. (lcaha2) (Entered: 08/29/2025) |
| 08/29/2025 | | MINUTE ORDER. The Court is in receipt of Plaintiffs' <u>132</u> motion for leave to file a second amended complaint. Defendants shall respond to the motion by August 31, 2025, at 6:00 p.m. Plaintiffs shall file any reply by September 1, 2025, at 6:00 p.m. Signed by Judge Amir H. Ali on 8/29/2025. (lcaha2) (Entered: 08/29/2025) |
| 08/31/2025 | <u>134</u> | RESPONSE re <u>132</u> MOTION for Leave to File *Second Amended Complaint* filed by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Attachments: # <u>1</u> Text of Proposed Order)(Sur, Indraneel) (Entered: 08/31/2025) |
| 08/31/2025 | <u>135</u> | RESPONSE re <u>133</u> MOTION for Temporary Restraining Order MOTION for Preliminary Injunction MOTION for Partial Summary Judgment filed by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Attachments: # <u>1</u> Declaration, # <u>2</u> Response to Pls Facts Statement, # <u>3</u> Text of Proposed Order)(Sur, Indraneel) (Entered: 08/31/2025) |
| 08/31/2025 | <u>136</u> | REPLY to opposition to motion re <u>115</u> Motion to Clarify, filed by DONALD J. TRUMP, JEREMY LEWIN, PETER MAROCCO, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, UNITED STATES DEPARTMENT OF STATE, RUSSELL VOUGHT. (Sur, Indraneel) (Entered: 08/31/2025) |
| 09/01/2025 | <u>137</u> | REPLY to opposition to motion re <u>133</u> Motion for TRO,,,,, Motion for Preliminary Injunction,,,,, Motion for Partial Summary Judgment,,,, filed by AMERICAN BAR ASSOCIATION, CHEMONICS INTERNATIONAL, INC., DAI GLOBAL LLC, DEMOCRACY INTERNATIONAL, INC., GLOBAL HEALTH COUNCIL, HIAS, MANAGEMENT SCIENCES FOR HEALTH, INC., SMALL BUSINESS ASSOCIATION FOR INTERNATIONAL COMPANIES. (Jacobson, Daniel) (Entered: 09/01/2025) |
| 09/03/2025 | <u>139</u> | MEMORANDUM OPINION AND ORDER. Plaintiffs' <u>133</u> motion for a temporary restraining order, preliminary injunction, and partial summary judgment is granted in part and denied in part. Plaintiffs' <u>132</u> motion for leave to file a second amended complaint is granted. The Clerk of Court is directed to file Plaintiffs' second amended complaint (ECF No. 132−2) on the docket. See document for details. Signed by Judge Amir H. Ali on 9/3/2025. (lcaha2) (Entered: 09/03/2025) |
| 09/04/2025 | <u>140</u> | NOTICE OF APPEAL TO DC CIRCUIT COURT as to <u>139</u> Memorandum & Opinion, by PETER MAROCCO, UNITED STATES DEPARTMENT OF STATE, JEREMY LEWIN, DONALD J. TRUMP, RUSSELL VOUGHT, UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT, OFFICE OF MANAGEMENT AND BUDGET, MARCO A. RUBIO. Fee Status: No Fee Paid. Parties have been notified. (Sur, Indraneel) (Entered: 09/04/2025) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 25-00400 (AHA) |
| UNITED STATES DEPARTMENT OF STATE, *et al.*, | |
| *Defendants*. | |
| GLOBAL HEALTH COUNCIL, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 25-00402 (AHA) |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants*. | |

## <u>DEFENDANTS' NOTICE OF APPEAL</u>

All Defendants hereby appeal to the United States Court of Appeals for the District of
Columbia Circuit from the Memorandum Opinion and Order (No. 25-cv-400, Doc. 145; No. 25-
cv-402, Doc. 139) issued on September 3, 2025, and from all orders antecedent to such order and
opinion and thus incorporated therein.

1

Dated: September 4, 2025                    Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Assistant Attorney General
                                            Civil Division

                                            YAAKOV M. ROTH
                                            Principal Deputy Assistant Attorney General
                                            Civil Division

                                            ERIC J. HAMILTON
                                            Deputy Assistant Attorney General
                                            Civil Division

                                            ALEXANDER K. HAAS
                                            Director
                                            Federal Programs Branch

                                            */s/ Indraneel Sur*
                                            INDRANEEL SUR (D.C. Bar No. 978017)
                                            Senior Counsel
                                            JOSHUA N. SCHOPF
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            P.O. Box 883
                                            Washington, DC 20044
                                            Phone: (202) 616-8488
                                            Email: Indraneel.Sur@usdoj.gov

                                            *Counsel for Defendants*

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br>      *Plaintiffs*, <br><br>    v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br>      *Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br>      *Plaintiffs*, <br><br>    v. <br><br> DONALD J. TRUMP, *et al.*, <br><br>      *Defendants*. | Civil Action No. 25-00402 (AHA) |

## <u>Memorandum Opinion and Order</u>

This Court previously granted a preliminary injunction based in part on the conclusion that Defendants violated the separation of powers by unilaterally declining to spend congressionally appropriated foreign aid funds. On appeal, the D.C. Circuit panel vacated and remanded. The panel did not express disagreement with the Court's constitutional analysis, but held Plaintiffs lacked a cause of action to bring a constitutional claim. *Glob. Health Council v. Trump*, __ F.4th __, __, No. 25-5097, 2025 WL 2480618, at *9 (D.C. Cir. Aug. 28, 2025). After a petition for rehearing en banc and consideration by the full court, the panel amended its opinion to make clear that it did not preclude Plaintiffs from pursuing statutory claims that Defendants' unilateral decision not to

spend funds as Congress directed in the relevant appropriations acts violated the Administrative Procedure Act ("APA"). *Id.* at *11 n.17. The Circuit accordingly remanded for consideration of those statutory claims.

On remand, the Court is first and foremost obligated to follow the Circuit panel's mandate. And the Court is also mindful of statements respecting en banc review recognizing the importance of expeditious consideration of Plaintiffs' appropriations-act based APA claims. *See* Order, *Glob. Health*, No. 25-5097, at 6–7 (D.C. Cir. Aug. 28, 2025) (Pan, J., dissenting from the denial of rehearing en banc) (noting that "the full court's decision is based, in large part, on the panel's revision of its original opinion" and that Plaintiffs "may well secure relief more quickly by pursuing a new preliminary injunction based on their APA or *ultra vires* claims"); *id.* at 8 (Garcia, J., statement respecting the denial of rehearing en banc) (observing that Plaintiffs' APA claim remained a "meaningful avenue to test the legality of the Executive Branch's unilateral actions" and "may be litigated expeditiously in the district court"). The Court heeds that mandate, too. This case raises questions of immense legal and practical importance, including whether there is any avenue to test the executive branch's decision not to spend congressionally appropriated funds. Appreciating that this Court is only one part of a review process that has yet to completely unfold— and that definitive higher court guidance now will be instructive as funds continue to reach their expiration dates in the future—the Court endeavors to address the remaining claims with both care and dispatch, to provide the necessary record and time for further review.

For the reasons described below, the *Global Health* Plaintiffs' new motion for a temporary restraining order, preliminary injunction, and partial summary judgment is granted in part and denied in part. The *AIDS Vaccine* Plaintiffs' motion for a preliminary injunction is granted.

2

I.      **Background**

In March of last year, Congress appropriated over $30 billion to the State Department and the U.S. Agency for International Development ("USAID"), to be spent on foreign aid. *See* Further Consolidated Appropriations Act of 2024, Pub. L. No. 118-47, 138 Stat. 460, 740–49. Congress specified fifteen categories toward which the funds should be spent. *See, e.g.*, 138 Stat. at 740 ("For necessary expenses to carry out the provisions of chapters 1 and 10 of part I of the Foreign Assistance Act of 1961, for global health activities, in addition to funds otherwise available for such purposes, $3,985,450,000, to remain available until September 30, 2025, and which shall be apportioned directly to the United States Agency for International Development . . . ."). Congress also stated that "funds appropriated by this Act" under the relevant titles "shall be made available in the amounts specifically designated in the respective tables included in the explanatory statement." *Id.* at 771; *see Glob. Health*, ECF No. 125-11 (explanatory statement). The tables referenced include more specific line items with amounts for particular purposes. *Glob. Health*, ECF No. 125-11. Congress provided that, for most line items, State and USAID "may only deviate up to 10 percent from the amounts specifically designated in the respective tables," and for global health programs line items, the agencies may not deviate from the specified amounts at all. 138 Stat. at 772. Defendants have represented that approximately $11.5 billion in appropriated funds from this act is set to expire on September 30, 2025. *Glob. Health*, ECF No. 135 at 1. Congress passed appropriations acts with similar requirements in prior years. *See, e.g.*, Pub. L. No. 116-6, 133 Stat. 13, 307 (2019).

On January 20, 2025, the President signed an executive order titled "Reevaluating and Realigning United States Foreign Aid." Exec. Order No. 14169, 90 Fed. Reg. 8619 (Jan. 20, 2025). The order directed an immediate pause in "United States foreign development assistance." *Id.* § 3(a). It also directed responsible department and agency heads to review each foreign assistance

3

program and to determine within ninety days of the order "whether to continue, modify, or cease each foreign assistance program," in consultation with the Director of the Office of Management and Budget ("OMB") and with the concurrence of the Secretary of State. *Id.* §§ 3(b), (c).

In the days that followed, agency officials took actions to institute an immediate suspension of all congressionally appropriated foreign aid. On January 24, the Secretary of State issued a memorandum suspending all new funding obligations, pending a review, for foreign assistance programs funded by or through the State Department and USAID. *Glob. Health*, ECF No. 43 at 14. USAID officials also issued instructions to immediately pause all new programs, issue stop-work orders, and develop appropriate review standards. *Glob. Health*, ECF Nos. 58-1 to 58-4. OMB issued a memorandum ordering a temporary pause of all federal financial assistance, including assistance for foreign aid and nongovernmental organizations. *Glob. Health*, ECF No. 1 ¶ 47.

The Court granted a preliminary injunction to Plaintiffs based principally on two claims. First, it held Plaintiffs were likely to succeed on the merits of their claim that the agencies' blanket freeze of funds was arbitrary and capricious in violation of the APA. *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, 770 F. Supp. 3d 121, 134–40 (D.D.C. 2025). The Court had previously granted a limited temporary restraining order ("TRO") on this basis. *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, 766 F. Supp. 3d 74 (D.D.C. 2025). After Defendants indicated they had not taken any steps to comply with the Court's TRO, the Court granted in part a motion to enforce compliance. Defendants sought emergency relief from the Circuit and ultimately the Supreme Court, claiming for the first time the timeline to comply was not feasible. *See Glob. Health*, ECF No. 39. The Supreme Court denied Defendants' application and, because the deadline to comply had passed in the interim, directed this Court to "clarify what obligations the Government must

4

fulfill to ensure compliance with the temporary restraining order, with due regard for the feasibility of any compliance timelines." *Dep't of State v. AIDS Vaccine Advoc. Coal.*, 604 U.S. ___, 145 S. Ct. 753 (2025). On remand, the record established that the number of payments Defendants had described as infeasible during their emergency appeal was, in fact, comparable to the number of payments "that USAID and State previously had been capable of processing . . . each day." *AIDS Vaccine*, 770 F. Supp. 3d at 132. In its preliminary injunction, the Court nonetheless ordered Defendants to process payments at a significantly lower rate. *Id.* at 154. Defendants did not appeal this aspect of the Court's preliminary injunction, which remains in effect.

Second, and relevant here, the Court concluded Plaintiffs were likely to prevail on their claims that Defendants were violating the separation of powers by unilaterally declining to spend congressionally appropriated foreign aid funds. *Id.* at 143–48. The Court found, based on the record before it, that Defendants had "no intent to spend" the funds Congress appropriated and that Defendants had "not disputed" their actions were "being undertaken to end foreign aid funding." *Id.* at 144–45; *see also id.* at 146 (observing Defendants "explicitly said" that "they are declining to spend appropriated funds based on policy objections"). The Court accordingly ordered that the agency Defendants were "enjoined from unlawfully impounding congressionally appropriated foreign aid funds and shall make available for obligation the full amount of funds that Congress appropriated for foreign assistance programs in the Further Consolidated Appropriations Act of 2024." *Id.* at 155.

Defendants appealed the latter part of the preliminary injunction, requiring them to obligate congressionally appropriated funds. They did not seek a stay pending appeal. Instead, Defendants asked the Circuit to rule on the appeal by August 15, 2025, and represented that receiving a decision by that deadline would make it feasible to obligate funds expiring on September 30, 2025.

5

*See, e.g.*, *AIDS Vaccine*, ECF No. 138 at 33 (Defendants' counsel stating that "the historical experience shows that even on the time frame which has been sought from the Court of Appeals, there will be sufficient time to obligate the balances"); *Glob. Health*, ECF No. 99 at 14 (asserting that the agencies "have sufficient time to obligate funds well within the approximately six-week period from August 15, 2025 to September 30, 2025, and could exercise existing authorities that allow additional agency acceleration of contracting and grant-making processes"). Defendants also said their proposed timeline "was designed by the parties to leave room for additional decision making" or "additional review" after the panel's decision. *AIDS Vaccine*, ECF No. 138 at 31.

The Circuit panel issued an opinion on August 13, 2025. It held Plaintiffs could not bring a constitutional claim challenging the executive branch's refusal to spend funds that Congress appropriated. *Glob. Health Council v. Trump*, No. 25-5097, 2025 WL 2326021, at *6–9 (D.C. Cir. Aug. 13, 2025). Because Plaintiffs lacked a cause of action, the panel did not address the merits of "whether the government violated the Constitution by infringing on the Congress's spending power through alleged violations of the 2024 Appropriations Act, the [Impoundment Control Act ("ICA")] and the Anti-Deficiency Act." *Id.* at *12. The panel also concluded that Plaintiffs could not pursue their APA contrary-to-law or *ultra vires* claims premised on the ICA. *Id.* at *9–12. And the panel held that the other preliminary injunction factors did not "strongly favor" Plaintiffs. *Id.* (quoting *Aamer v. Obama*, 742 F.3d 1023, 1043 (D.C. Cir. 2014)). The panel withheld the mandate until disposition of any timely petition for rehearing or rehearing en banc. Order, *Glob. Health*, No. 25-5097 (D.C. Cir. Aug. 13, 2025).

On August 15, 2025, Plaintiffs filed a petition for rehearing en banc and a motion to stay the panel's opinion and judgment pending en banc review. On August 28, 2025, the panel issued an amended opinion. The panel narrowed its holding regarding Plaintiffs' APA contrary-to-law

6

claims, explaining that "we need not and do not decide whether the ICA precludes suits under the APA to enforce appropriations acts." *Glob. Health*, 2025 WL 2480618, at *11 n.17; *see also id.* at *25 n.4 (Pan, J., dissenting) (amending dissent to note that "the majority leaves open [Plaintiffs'] APA claims based on the Appropriations Act" and that Plaintiffs "therefore are free to pursue that claim on remand"). The en banc Circuit simultaneously denied rehearing. Order, *Glob. Health*, No. 25-5097 (D.C. Cir. Aug. 28, 2025) (en banc). The denial was accompanied by statements advising that "the full court's decision is based, in large part, on the panel's revision of its original opinion to provide a pathway for [Plaintiffs] in this case to pursue relief under the Administrative Procedure Act," *id.* at 6 (Pan, J., dissenting from the denial of rehearing en banc), and that because this left Plaintiffs with a "meaningful avenue to test the legality of the Executive Branch's unilateral actions," the panel's amended opinion "allows that claim to proceed" and to be "litigated expeditiously in the district court." *Id.* at 8 (Garcia, J., statement respecting the denial of rehearing en banc). The Circuit accordingly issued its mandate.

Later that evening, the President transmitted a special message to Congress proposing that Congress rescind a portion of the funds, totaling approximately $4 billion, that it had appropriated in the relevant acts. *Glob. Health*, ECF No. 129; *see* ECF No. 129-1. To date, Congress has not acted on the proposal to rescind those funds.

The day after the mandate issued, the Court held a status conference to hear the parties' positions on next steps. Counsel for Defendants stated that the agencies plan to spend only a portion of the appropriated funds that expire on September 30, 2025. According to counsel, Defendants would obligate roughly $6.5 billion of those funds. *Glob. Health*, ECF No. 131 at 13. Counsel asserted that the agencies would not obligate the funds for which the President had proposed rescission regardless of whether Congress acted to rescind its appropriations. *Id.* at 12.

Later that night, the *Global Health* Plaintiffs moved to amend their complaint and for a temporary restraining order, preliminary injunction, and partial summary judgment. *Glob. Health*, ECF Nos. 132, 133. The Court set an expedited briefing schedule to allow for prompt resolution of the motions and to ensure the parties can swiftly seek appellate review of the important issues raised in this case. The *AIDS Vaccine* Plaintiffs have since joined the *Global Health* Plaintiffs' request for preliminary injunctive relief. *AIDS Vaccine*, ECF No. 143.

## II.    Discussion

The Circuit has remanded for this Court to consider in the first instance Plaintiffs' ability to pursue remaining claims. As members of the Circuit recognized, the claims asserted in this case ultimately raise the question whether there is any "meaningful avenue to test the legality of the Executive Branch's unilateral actions" to decline to spend funds that Congress directs to be spent for specific purposes. Order, *Glob. Health*, No. 25-5097, at 8 (D.C. Cir. Aug. 28, 2025) (Garcia, J., joined by Millett, J., statement respecting the denial of rehearing en banc). The Court briefly summarizes the relevant claims and where each stands, in the interest of situating the remaining claims and aiding in any further review.

Plaintiffs have consistently asserted a constitutional claim that Defendants' refusal to spend congressionally appropriated aid infringed on Congress's spending power and therefore violated the separation of powers. That claim was considered and found likely to succeed in this Court's first preliminary injunction opinion. *AIDS Vaccine*, 770 F. Supp. 3d at 143–48. The Circuit panel has since held Plaintiffs have no constitutional cause of action to challenge the executive branch's decision not to spend appropriated funds because their constitutional claims were predicated on statutory violations. *Glob. Health*, 2025 WL 2480618, at *6–9. Plaintiffs continue to preserve their constitutional claims. *See Glob. Health*, ECF No. 133-1 at 26; ECF No. 137 at 18. This Court has no further role in adjudicating them and, given the panel's decision, any further argument must be

addressed to the en banc Circuit or Supreme Court. The same is true of Plaintiffs' APA and *ultra vires* claims to the extent they are premised on noncompliance with the ICA.

Plaintiffs also assert APA, mandamus, and *ultra vires* claims premised on noncompliance with the appropriations acts, and the panel's amended opinion does not resolve those claims. *See Glob. Health*, 2025 WL 2480618, at *11 n.17. On remand, Plaintiffs accordingly move for relief on the bases that the Executive's unilateral decision to not spend a large portion of the funds Congress appropriated for specific purposes (1) is contrary to law—namely, the appropriations acts—in violation of the APA; (2) is arbitrary and capricious in violation of the APA; (3) constitutes unlawfully withheld or unreasonably delayed agency action in violation of the APA; and (4) violates a clear duty warranting mandamus relief. *Glob. Health*, ECF No. 133-1 at 11–25; *AIDS Vaccine*, ECF No. 143-1 at 1–2.[1]

Consistent with the Circuit's mandate, the Court addresses each of these claims. The Court pauses first, however, to assure itself of Plaintiffs' standing.

### A.  Plaintiffs Have Standing

"To establish Article III standing, the plaintiff must have 'suffered an injury in fact' that 'is fairly traceable to the challenged action of the defendant' and it must be 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Banner Health v. Price*, 867 F.3d 1323, 1333–34 (D.C. Cir. 2017) (quoting *Friends of the Earth v. Laidlaw Env't Servs.*, 528 U.S. 167, 180–81 (2000)). This Court's preliminary injunction opinion found Plaintiffs had standing to challenge the foreign aid freeze because of the direct impact on "Plaintiffs' pocketbooks and their ability to fulfill their organizational missions." *AIDS Vaccine*, 770 F. Supp. 3d at 134. Thereafter on appeal, Defendants did not dispute that Plaintiffs have Article III standing

---

[1]    Plaintiffs do not seek a preliminary injunction based on their *ultra vires* claims.

"except as it relates to the appropriate scope of relief granted." *Glob. Health*, 2025 WL 2480618, at *4. And given the Circuit's conclusion that Plaintiffs have standing, Defendants make clear in their instant briefing that they do not "further dispute Plaintiffs' standing to proceed." *Glob. Health*, ECF No. 135 at 9.

The Court nonetheless has "an independent obligation to assure that standing exists." *Glob. Health*, 2025 WL 2480618, at *4 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009)). Here, it does. As the panel opinion explained, "a plaintiff may be harmed by denial of the opportunity to compete for a pool of funds for which they are able and willing to compete." *Id.* at *5; *see also Coal. of MISO Transmission Customers v. FERC*, 45 F.4th 1004, 1015 (D.C. Cir. 2022) (petitioner had standing based on showing that "(1) it was ready, willing and able to perform the construction contracts for which it wished to compete, and (2) the challenged action deprived the company of the opportunity to compete for the work" (internal quotation marks and citation omitted)). The panel reached the conclusion that Plaintiffs have standing based on this harm, relying on declarations in the record. *Glob. Health*, 2025 WL 2480618, at *5 (explaining that "the declarations make clear the degree to which [Plaintiffs] are financially dependent on appropriated foreign assistance funds"). This Court agrees and observes that, on remand, Plaintiffs have further supplemented their earlier proffer, offering additional evidence showing they depend on appropriated foreign assistance funds to keep their organizations afloat. *See, e.g.*, *Glob. Health*, ECF No. 133-5 ¶ 10 (stating that 89% of plaintiff's annual revenues in prior years came from USAID or foreign assistance funding from State Department); ECF No. 133-6 ¶ 9 (same for nearly 80% of plaintiff's annual revenues); ECF No. 133-7 ¶ 11 (same for more than 95% of plaintiff's annual revenues). As the panel reasoned, "even the prospect of a 'single dollar' can 'effectuate a partial remedy' and thereby 'satisf[y] the redressability requirement.'" *Glob. Health*, 2025 WL

2480618, at *5 (alteration in original) (quoting *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021)). Plaintiffs' evidence, which went unrebutted at the preliminary injunction stage and remains so, establishes standing.

**B.  Plaintiffs Are Entitled To Preliminary Injunctive Relief**

The preliminary injunction factors are familiar to all at this point in the litigation, but have no less force: "A preliminary injunction is an extraordinary remedy never awarded as of right" and, to the contrary, "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24 (2008). A plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. On remand, Plaintiffs seek preliminary relief based on their claims that the agency Defendants' noncompliance with appropriations acts violates the APA and the Mandamus Act. The Court concludes Plaintiffs are entitled to preliminary relief on those claims.

*1.  Plaintiffs Are Likely To Succeed On The Merits Of Their Claims*

The Court first considers Defendants' argument that judicial review of whether agency action complies with the appropriations acts is foreclosed by the ICA. After concluding that it is not, the Court considers Plaintiffs' likelihood of success as to each remaining claim asserted, as well as Defendants' defense that it need not comply with appropriations due to the pending rescission proposal irrespective of whether Congress takes action to rescind them.

*a.  The APA Allows Judicial Review Of The Legality Of An Agency's Decision Not To Spend Congressionally Appropriated Funds*

On appeal, the Circuit held Plaintiffs cannot assert violations of the ICA, which sets forth its own "complex scheme" for notification and enforcement, through the APA. *Glob. Health*, 2025

11

WL 2480618, at *10. The panel left open for this Court to decide on remand whether the APA provides judicial review premised on the appropriations acts. *Id.* at 11 n.17. Multiple Circuit judges also highlighted the importance of the availability of this claim to the full court's decision not to rehear the case en banc. *See* Order, *Glob. Health*, No. 25-5097, at 8 (D.C. Cir. Aug. 28, 2025) (Garcia, J., joined by Millett, J., statement respecting the denial of rehearing en banc) (recognizing that this remaining claim could provide a "meaningful avenue to test the legality of the Executive Branch's unilateral actions" and that the panel's amended opinion "allows that claim to proceed"); *id.* at 6 (Pan, J., dissenting from the denial of rehearing en banc) (recognizing the significance of "the panel's revision of its original opinion to provide a pathway for [Plaintiffs] in this case to pursue relief"). This Court accordingly turns to that question. The Court concludes that under governing principles, including those laid out by the panel opinion in this case, there is no impediment to judicial review of an agency's unilateral decision not to spend funds through an APA claim premised on appropriations acts.

"The APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute' but withdraws that cause of action to the extent the relevant statute 'precludes judicial review.'" *Glob. Health*, 2025 WL 2480618, at *9 (quoting *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984)). "Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Id.* (quoting *Block*, 467 U.S. at 345).

The panel's application of these principles is instructive. As the panel recognized, case law dictates a "presumption favoring judicial review of administrative action"; indeed, "[i]n some cases, the Supreme Court has said that 'only upon a showing of "clear and convincing evidence"

of a contrary legislative intent should the courts restrict access to judicial review.'" *Id.* at 10 (quoting *Block*, 467 U.S. at 350). In reaching its conclusion that violations of the ICA process cannot be enforced using the APA, the panel specifically relied on the fact that Congress gave the ICA its own "complex scheme," which included "notification of the Congress, congressional action on a proposed rescission or deferral and suit by a specified legislative branch official if the executive branch violates its statutory expenditure obligations," as well as an enforcement mechanism specifying that the Comptroller General "may bring suit" for ICA violations in particular circumstances. *Id.* (discussing the "complex scheme[s]" both in *Block* and in the ICA). The panel accordingly concluded Congress's intent to preclude judicial review of ICA violations through suits by private parties was "fairly discernible in the statutory scheme." *See id.* at *10–11 (quoting *Block*, 467 U.S. at 351).

In opposing en banc review of the panel's initial opinion, Defendants acknowledged that nothing in that decision disturbed a private plaintiff's ability to enforce appropriations acts through the APA. As Defendants observed, "[n]either the ICA, nor the panel's ruling that plaintiffs cannot enforce the terms of that statute," affects a party's ability to enforce compliance with statutory obligations through an APA suit. Response to Petition for Rehearing En Banc, *Glob. Health*, No. 25-5097, at 16 (D.C. Cir. Aug. 20, 2025). In addition to representing that the ICA would not disturb that avenue, Defendants observed that under the Supreme Court's decision in *Train v. City of New York*, 420 U.S. 35 (1975), "a court could enjoin a refusal to spend appropriated funds where the relevant statutes required that the funds be spent." *Id.* at 15–16; *see also id.* at 16 (recognizing that "a court can order 'an agency to perform a statutorily mandated activity,' even if the agency must spend money to fulfill that mandate" (quoting *In re Aiken County*, 725 F.3d 255, 260 (D.C. Cir. 2013) (Kavanaugh, J.))). Relying on these representations, Defendants assured the full Circuit that

13

plaintiffs "may generally enforce compliance with statutory mandates through suits under the APA," and the panel's decision therefore did not "authorize the Executive Branch to disregard statutory mandates with no judicial oversight." *Id.* at 1.[2]

The Court agrees that neither the text of the ICA nor the panel's decision impedes Plaintiffs from bringing an APA action to enforce the appropriations acts. While the panel concluded that the ICA's notification and enforcement mechanisms displace the presumption of judicial review for violations of the ICA itself, *see Glob. Health*, 2025 WL 2480618, at \*9–11, it would be quite another thing to say the ICA eliminates judicial review and there is no "meaningful avenue" for relief when an executive agency unilaterally declines to spend funds in violation of appropriations acts. *See* Order, *Glob. Health*, No. 25-5097, at 8 (D.C. Cir. Aug. 28, 2025) (Garcia, J., statement respecting the denial of rehearing en banc). Indeed, the text of the ICA expressly provides that "[n]othing contained in this Act, or in any amendments made by this Act, shall be construed as . . . affecting in any way the claims or defenses of any party to litigation concerning any impoundment." 2 U.S.C. § 681(3).

In *Train*, a statute authorized appropriations "not to exceed" specified sums, and it provided that such sums "shall be allotted" by the EPA Administrator. 420 U.S. at 38–39. As here, the plaintiffs challenged the agency's decision to allot "less than the entire amounts authorized to be appropriated." *Id.* at 41. The Court held that the agency could not do so, rejecting the government's position that Congress intended to provide the Executive "with the seemingly limitless power to withhold funds from allotment and obligation." *Id.* at 46; *see also id.* at 41 n.8 (noting that the

---

[2]    Defendants made all these representations based on the panel's initial opinion. As discussed above, the panel's amended opinion was even narrower, expressly leaving open the question whether "the ICA precludes suits under the APA to enforce appropriations acts." *Glob. Health*, 2025 WL 2480618, at \*11 n.17.

enactment of the ICA did not affect the case). Other courts likewise entertained challenges to an agency's refusal to spend funds. *See, e.g.*, *State Highway Comm'n of Missouri v. Volpe*, 479 F.2d 1099, 1118 (8th Cir. 1973) (holding that statute did not authorize Secretary of Transportation to withhold authority to obligate funds); *Guadamuz v. Ash*, 368 F. Supp. 1233, 1244 (D.D.C. 1973) (granting declaratory judgment that impoundment of certain funds was unauthorized by law).

While the panel held it is fair to discern that the ICA's notification and enforcement regime committed ICA compliance to the Comptroller General, it would upend the objectives of the ICA to hold that it enables the executive branch to unilaterally decline to spend funds in the face of Congress's contrary directives in appropriations laws. As the Circuit previously observed, the ICA "was passed at a time when Congress was united in its furor over presidential impoundments and intent on reasserting its control over the budgetary process," and it "contained several strong measures expressly designed to limit the President's ability to impound funds appropriated by Congress." *City of New Haven v. United States*, 809 F.2d 900, 906 (D.C. Cir. 1987). As it relates to appropriations acts, the Court cannot conclude "congressional intent to preclude judicial review" is "fairly discernible" in the ICA's statutory scheme. *Block*, 467 U.S. at 351.

Having conceded that Plaintiffs' claim to enforce statutory mandates in appropriations acts under the APA is one that exists, Defendants challenge Plaintiffs' ability to bring it in two respects. First, Defendants argue that Plaintiffs' appropriations-act based APA claim is precluded because, after the en banc Circuit denied rehearing to remand for further consideration of this APA claim, the President submitted a special message to Congress under ICA procedures, proposing rescission of a portion of the appropriated funds. *Glob. Health*, ECF No. 135 at 13; *see* 2 U.S.C. § 683(a) (providing that the President shall transmit a special message with certain information to both houses of Congress whenever he "determines that all or part of any budget authority will not be

15

required to carry out the full objectives or scope of programs for which it is provided or that such budget authority should be rescinded for fiscal policy or other reasons"). That argument is difficult to comprehend. It would make sense for the sending of a special message to Congress under the ICA to preclude an action premised on compliance with or violation of the ICA's procedures—the type of claim Defendants successfully argued could be asserted only by the Comptroller General and cannot be asserted using the APA. *Glob. Health*, 2025 WL 2480618, at *9–11. But Plaintiffs' APA claim based on the appropriations acts is completely independent of whether Defendants have complied or failed to comply with the ICA's requirements; they do not, for instance, challenge the validity of or seek to enjoin the President's transmittal of the special message. Plaintiffs' APA claim seeks to enforce compliance with the appropriations acts and, contrary to Defendants' argument, the transmission of the special message does not transform Plaintiffs' claim into a new one "premised once again on the ICA." *Glob. Health*, ECF No. 135 at 2. All agree that the relevant appropriations acts remain the law of the land, and those are the laws Plaintiffs seek to enforce in their APA claim—the claim Defendants conceded is valid.[3]

Second, Defendants say Plaintiffs cannot pursue an APA claim to enforce appropriations laws because they are not within the "zone of interests" of those laws. *Id.* at 14–15. That argument is not persuasive here. "The zone of interests test does not require that the statute directly regulate the plaintiff, nor does it require specific congressional intent to benefit the plaintiff." *CSL Plasma Inc. v. U.S. Customs & Border Prot.*, 33 F.4th 584, 589 (D.C. Cir. 2022). It requires only that the plaintiffs' grievances "arguably fall[] within the zone of interests protected or regulated by the

---

[3]  Defendants make a separate argument that the rescission proposal sent to Congress under the ICA is a defense to an APA claim to enforce appropriations laws. *Glob. Health*, ECF No. 135 at 28–32. As discussed later, that argument is unpersuasive because, absent Congress acting to rescind the appropriations, nothing in the ICA permits Defendants to withhold congressionally appropriated funds to run out the clock. *See infra* section II.B.1.e.

16

statutory provision or constitutional guarantee invoked in the suit." *Mendoza v. Perez*, 754 F.3d 1002, 1016 (D.C. Cir. 2014) (quoting *Bennett v. Spear*, 520 U.S. 154, 162 (1997)). To satisfy that inquiry, there need not be "any indication of congressional purpose to benefit the would-be plaintiff." *Id.* at 1016–17 (quoting *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 225 (2012)). "Rather, a plaintiff falls outside the group to whom Congress granted a cause of action only when its interests 'are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit.'" *Id.* at 1017 (quoting *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987)). This test is "not a demanding one." *Id.*; *see also CSL Plasma*, 33 F.4th at 589 (describing the test as "lenient" (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 130 (2014))).

The relevant acts appropriate foreign assistance funds across a variety of categories, and it is undisputed Plaintiffs not only compete for those funds but also have been the recipients of such funds for years. Plaintiffs have submitted declarations showing that they compete for funds within those categories and that those funds are essential to their organizational missions. *See, e.g.*, *Glob. Health*, ECF No. 133-4 ¶¶ 3–7, 9; ECF No. 133-5 ¶¶ 4–8, 10; ECF No. 133-6 ¶¶ 4–9. And Plaintiffs work in specific areas that overlap with the categories for which Congress has appropriated funds. *See, e.g.*, *Glob. Health*, ECF No. 133-8 ¶¶ 4, 6 (explaining that members work to address public health challenges and administer global health programs). On this record, the Court cannot find that Plaintiffs' interests are "marginally related to or inconsistent with" the statutes' purposes of appropriating funds for foreign assistance. Those interests go hand in hand, and Plaintiffs accordingly are within the relevant zone of interests.

17

b. *Plaintiffs Are Likely To Succeed On Their Contrary-To-Law And Arbitrary-And-Capricious Claims*

The APA authorizes judicial review of "final agency action" and requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 704, 706(2)(A). Plaintiffs assert that the agency Defendants' failure to obligate all the foreign assistance funds appropriated by Congress is contrary to law—specifically, contrary to the appropriations acts— and arbitrary and capricious.

i. *Plaintiffs Challenge Final, Discrete Agency Action*

"Agency actions are final if two independent conditions are met: (1) the action 'mark[s] the consummation of the agency's decisionmaking process' and is not 'of a merely tentative or interlocutory nature'; and (2) it is an action 'by which rights or obligations have been determined, or from which legal consequences will flow.'" *Soundboard Ass'n v. Fed. Trade Comm'n*, 888 F.3d 1261, 1267 (D.C. Cir. 2018) (alteration in original) (quoting *Bennett*, 520 U.S. at 177–78).

Here, Plaintiffs challenge Defendants' unilateral decision not to spend the funds Congress has directed in the appropriations acts. In its first preliminary injunction opinion, the Court found Defendants had no intention to spend the funds Congress had appropriated and Defendants had not disputed that. *AIDS Vaccine*, 770 F. Supp. 3d at 144–45 & n.13. The Court finds Defendants still have no intention to spend the funds Congress has appropriated. In recent hearings before the Court, Defendants have stated they do not plan to obligate the full amount of funds that Congress appropriated and continue to intend to allow a substantial portion of those funds to expire on September 30, 2025. *See Glob. Health*, ECF No. 131 at 12 (stating that roughly $4 billion in expiring funds "is not available for obligation"). According to Defendants, there is roughly $11.5 billion in expiring funds at issue that Congress appropriated in 2024, and they intend not to spend

$4 billion—or nearly 35%. *See id.*; *Glob. Health*, ECF No. 135 at 1–2; *see also* ECF No. 135-1 ¶ 6. The Court's finding is further supported by the President's recent rescission proposal, filed after the Circuit issued its mandate. *See Glob. Health*, ECF No. 129. And Defendants do not dispute that their intention not to spend would lead to a substantial reduction in spending across the broad categories and line items for which Congress appropriated funds.[4]

Defendants' decision not to spend all the expiring funds is thus final in any relevant respect. Far from tentative, Defendants have specifically represented to the Court that they have decided to spend only part of the appropriated funds and that they will not spend the remaining funds that are the subject of the President's rescission proposal. *Glob. Health*, ECF No. 131 at 12; ECF No. 135-1 ¶¶ 5–6. That decision plainly has a "direct and immediate . . . effect on the day-to-day business" of Plaintiffs, whose operations and very existence are in jeopardy absent an opportunity to compete for these funds. *See Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) (omission in original) (quoting *Fed. Trade Comm'n v. Standard Oil Co. of California*, 449 U.S. 232, 239 (1980)).

Defendants make three arguments in response, none of which is persuasive. First, they say their decision is not final within the meaning of the APA because the agencies "are actively engaged in the obligation process" as to the portion of funds they have chosen to obligate. *Glob. Health*, ECF No. 135 at 17. But that quite obviously misconceives the relevant agency determination whose legality is being challenged. Plaintiffs are not challenging the determination made as to any particular funds that are still in the process of being obligated; they are challenging

---

[4]    Plaintiffs state, and Defendants do not dispute, that some foreign assistance funds from prior appropriations acts also expire on September 30, 2025. *Glob. Health*, ECF No. 133-1 at 5. The Court finds that Defendants also intend not to spend those funds given the representation that currently they plan to obligate only the $6.5 billion appropriated in 2024. *See Glob. Health*, ECF No. 135-1 ¶¶ 4, 6.

Defendants' determination that they can unilaterally choose not to spend a large swath of the funds that Congress has directed them to spend. Defendants do not dispute they have conclusively made that decision—indeed, they openly state that they have no intention to spend a substantial portion of the appropriated funds and intend to let them expire.

Second, Defendants argue that the President's special message to Congress cannot be reviewed under the APA because the President is not an "agency" within the meaning of the APA. *Glob. Health*, ECF No. 135 at 16 (citing *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992)). But Plaintiffs do not ask the Court to review, enjoin, or vacate the President's special message; they seek judicial review of the agencies' determination to unilaterally decline to spend funds as they are directed to do by the appropriations acts. Defendants assert, without citation, that the agencies have made this decision to "respect the special message by withholding the funds from obligation and otherwise refraining from taking steps to obligate funds proposed for rescission." *Id.* But, as discussed later, Defendants simply assume that sending a rescission proposal fewer than forty-five days before funds expire permits agencies to withhold congressionally appropriated funds—an assumption that is not correct and is the very agency action Plaintiffs challenge. *See infra* section II.B.1.e; *see also Glob. Health*, 2025 WL 2480618, at *8 n.14 ("Presidential action may be reviewed through APA challenges to final agency action by subordinates implementing the President's directives where such review is not otherwise precluded.").

Third, Defendants briefly argue that Plaintiffs do not challenge a sufficiently "discrete" agency action, observing that the APA "precludes an amorphous, roving challenge to the entirety of USAID's and State's systems of obligating funds." *Glob. Health*, ECF No. 135 at 18. But Plaintiffs are not asserting any type of broad, programmatic challenge that the APA forbids. Their challenge is based on the very discrete requirement to spend the amount of funds that Congress

has appropriated for particular purposes, and Defendants have made the very discrete, conclusive decision not to do so. *Cf. Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 893–94 (1990) (noting that while challenges seeking "wholesale correction" of an entire program are not proper under the APA, judicial intervention, where appropriate, still "may ultimately have the effect of requiring a regulation, a series of regulations, or even a whole 'program' to be revised by the agency in order to avoid the unlawful result that the court discerns").

    *ii. Plaintiffs Are Likely To Succeed In Showing The Agency Defendants Acted Contrary To Law By Unilaterally Deciding Not To Spend The Funds Congress Appropriated To Their Agencies To Be Spent For Specific Purposes*

Plaintiffs argue that the agency Defendants' decision not to spend the specific amount of funds that Congress dictated for specific purposes in appropriations laws, and instead unilaterally decline to spend billions of dollars, is contrary to the appropriations laws. *Glob. Health*, ECF No. 133-1 at 17–18. Upon consideration of governing precedent, the Court agrees.

The Constitution "gives Congress control over the public fisc." *Consumer Fin. Prot. Bureau v. Cmty. Fin. Servs. Ass'n of Am., Ltd.*, 601 U.S. 416, 420 (2024). "By the time of the Constitutional Convention, the principle of legislative supremacy over fiscal matters engendered little debate," and it "was uncontroversial that the powers to raise and disburse public money would reside in the Legislative Branch." *Id.* at 431. The Appropriations Clause protects Congress's "exclusive power over the federal purse" and is "particularly important as a restraint on Executive Branch officers." *U.S. Dep't of Navy v. Fed. Lab. Rels. Auth.*, 665 F.3d 1339, 1346–47 (D.C. Cir. 2012) (Kavanaugh, J.) (citation omitted); *see also Cincinnati Soap Co. v. United States*, 301 U.S. 308, 321 (1937) (explaining that the Appropriations Clause "was intended as a restriction upon the disbursing authority of the Executive department"). Under "settled, bedrock principles of constitutional law," the President "must follow statutory mandates so long as there is appropriated money available and the President has no constitutional objection to the statute." *Aiken County*,

725 F.3d at 259 (emphasis omitted). And the President may not disregard a statutory mandate to spend funds "simply because of policy objections." *Id.*; *see also id.* at 261 n.1 (explaining that where a President has policy reasons "for wanting to spend less than the full amount appropriated by Congress for a particular project or program," it remains the case that "even the President does not have unilateral authority to refuse to spend the funds" and must propose a rescission to Congress for its approval).

In this round of preliminary injunction briefing, Defendants advance a new argument that they never previously raised (and, indeed, repeatedly resisted saying out loud). They ask this Court to reverse the longstanding, bedrock presumption and conclude that Congress's appropriations of funds to be spent for particular purposes are optional by default and mandatory perhaps never. *Glob. Health*, ECF No. 135 at 18–24. Throughout the TRO and earlier preliminary injunction litigation, Defendants consistently endorsed the position that the Executive's role with respect to appropriations is to exercise discretion as to *how* to spend the relevant funds within the purposes Congress specifies, but not *whether* to spend the funds. *See Glob. Health*, ECF No. 22 at 45 (responding to the Court's inquiry on this point by stating "this is a how-money-is-spent case"); ECF No. 34 at 33 (arguing that "the appropriations acts grant the President significant discretion in how to use these funds"). Indeed, during the last preliminary injunction hearing, the Court specifically inquired whether Defendants' position was "that the appropriations laws are just optional," and they repeatedly declined to take that position. *Glob. Health*, ECF No. 58 at 99–102 (declining to answer whether Defendants' interpretation was "that the appropriations laws are just optional" and reverting to arguments about standing). So too on appeal, Defendants resisted this position. *See* Oral Argument at 37:06, *Glob. Health*, No. 25-5097 ("When you have the appropriations that are just these sort of lump sum, we're appropriating all this money, the ICA

certainly makes clear that Congress expects that the Executive will expend the funds or will engage in the process contemplated by the ICA."); *id.* at 39:00 ("Our understanding is that the sort of general lump-sum appropriation, because of the ICA, Congress expects that that lump-sum appropriation will be substantially expended . . . ."). To the extent Defendants suggested there was leeway for the Executive not to spend the amounts appropriated in this case, that was premised not on the argument that appropriations are optional but explicitly and exclusively on the Executive's "vast and generally unreviewable" foreign affairs powers—an argument that this Court rejected and Defendants then abandoned on appeal. *AIDS Vaccine*, 770 F. Supp. 3d at 146 (citation omitted); *Glob. Health*, ECF No. 58 at 99 (responding to this inquiry by suggesting "in the domestic realm the relationship is very different"); *see Glob. Health*, 2025 WL 2480618, at *7 (noting that "[o]n appeal, the government disclaims any constitutional defense").

Even having now questioned whether Congress's exercise of spending power through appropriations laws should generally be interpreted as mandatory or optional, Defendants resist offering a full defense of that position. They assert that "many of the appropriations provisions on which Plaintiffs have relied simply permit[] but do[] not require the Executive Branch to spend funds," but do not identify which ones and how they make that determination. *Glob. Health*, ECF No. 135 at 19 (alterations in original) (internal quotation marks and citation omitted). And despite gesturing at a text-based argument that might overcome the bedrock understanding of appropriations laws, Defendants just assert, without explanation, that even when Congress uses mandatory language—that funds "shall be made available in amounts specifically designated"— that language contains ambiguity as to whether Congress intended it to reflect "a floor or a ceiling or both." *Id.* at 21–22. Such a superficial argument cannot overcome the understanding of appropriations laws upon which Congress has operated for centuries.

Proper textual analysis accounts for, rather than ignores, the background expectations Congress has when enacting law. *See generally Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation."). The Supreme Court's case law reflects those expectations. In *Train*, for instance, the Court addressed appropriations "not to exceed" specified amounts that "shall be allotted" for specific purposes, and it rejected the argument that the Executive had "the seemingly limitless power to withhold funds from allotment and obligation." 420 U.S. at 39, 46. The language Congress used in the relevant categories of foreign assistance in the 2024 Appropriations Act does not give the agencies discretion to decline to spend the funds and states, as typical throughout appropriations laws, that funds "shall be apportioned" or are "to remain available until expended." *E.g.*, 138 Stat. at 740 (funds for global health programs "to remain available" until September 30, 2025, and "shall be apportioned" to USAID).[5] Congress also expressly provided that foreign assistance funds "shall be made available in the amounts specifically designated" in appended tables. *Id.* at 771. To be sure, Congress can and does sometimes use language to make spending permissive, including by explicitly framing the amount appropriated as a discretionary ceiling. *See Cmty. Fin. Servs*, 601 U.S. at 442 (Kagan, J., concurring) (discussing examples of appropriations that "give[] the Executive leeway to decide how to allocate funds, up to a ceiling," by using language such as "'sums not exceeding' stated amounts for 'broad categories' of purposes" (citation omitted)). Congress did use that language elsewhere in the Act, indicating that it knew how to give agencies

---

[5]    *See also, e.g.*, 138 Stat. at 742 (funds for development assistance "to remain available" until September 30, 2025, and "shall be apportioned" to USAID); *id.* (funds for international disaster assistance "to remain available until expended" and "shall be apportioned" to USAID); *id.* at 743 (funds for democracy fund "to remain available" until September 30, 2025, and "shall be made available" to State Department bureau).

discretion not to spend the entire amount. *See, e.g.*, 138 Stat. at 739 (providing that funds "not to exceed $250,000 may be available for representation and entertainment expenses").

Defendants' argument that the appropriations can be cast as "ambiguous" and therefore a ceiling left to their discretion whether to be spent in whole, in part, or not at all would upend the way Congress legislates not just in appropriations acts themselves, at issue here, but also in other acts such as the ICA. The ICA "operates on the premise that when Congress appropriates money to the executive branch, the President is required to obligate the funds." GAO, B-329092, *Impoundment of the Advanced Research Projects Agency—Energy Appropriation Resulting from Legislative Proposals in the President's Budget Request for Fiscal Year 2018*, at 2 (Dec. 12, 2017). Indeed, if it were true that appropriations generally defer not just how, but whether, to spend money to the executive branch, it is hard to see what purpose would be served by the ICA's mechanisms allowing the President to submit a rescission proposal for budget authority—something the President has done multiple times in this context, including successfully in May 2025 as to some appropriations analogous to those at issue here and just days ago as to some of the appropriations at issue in this case. If the President could simply decline to spend those funds, there would be no need to propose a rescission and get Congress's approval—the President could simply do nothing and let the funds expire unspent.

Defendants' reasons for not developing an argument here over the numerous months and opportunities given may be many, including that, even having changed their position, there is not a plausible interpretation of the statutes that would justify the billions of dollars they plan to withhold. Whatever the reason, Defendants have given no justification to displace the bedrock expectation that Congress's appropriations must be followed and that absent a "claim of unconstitutionality that has not been rejected by final Court order, the Executive must abide by

statutory mandates." *Aiken County*, 725 F.3d at 259. Their decision not to do so is contrary to law in violation of the APA.

### iii. Plaintiffs Are Likely To Succeed In Showing The Agency Defendants Acted Arbitrarily And Capriciously In Unilaterally Withholding Billions In Appropriated Funds Without Explanation Or Consideration Of Reliance Interests

Plaintiffs assert that, even if one assumes the relevant appropriations are optional, Defendants' decision not to spend billions of dollars in foreign assistance funds and instead let them expire is arbitrary and capricious under the APA. *Glob. Health*, ECF No. 133-1 at 18–21.

"The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Rather, the court "must confirm that the agency has fulfilled its duty to examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Ark Initiative v. Tidwell*, 816 F.3d 119, 127 (D.C. Cir. 2016) (internal quotation marks omitted) (quoting *State Farm*, 463 U.S. at 43). "[A]n agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.* (alteration in original) (quoting *State Farm*, 463 U.S. at 43).

The Court previously concluded in granting a TRO and later a preliminary injunction that Defendants' blanket determination to freeze foreign aid funds was likely arbitrary and capricious. The Court explained that Defendants failed to provide "'a rational connection between the facts found and the choice made' to impose an immediate and wholesale suspension of foreign aid in order to review programs." *AIDS Vaccine*, 770 F. Supp. 3d at 138. And "nothing in the record suggested that Defendants considered and had a rational reason for disregarding the massive

reliance interests of businesses and organizations that would have to shutter programs or close their doors altogether." *Id.*

The same is true of the agency Defendants' decision to simply not spend billions of dollars in congressionally appropriated foreign aid across numerous categories and instead let those funds expire. Defendants have not offered any explanation for the decision to ignore billions of dollars in appropriated funds rather than obligate them in a manner that aligns with both Congress's stated purposes and the Executive's priorities. Nor do Defendants appear to have considered the reliance interests of Plaintiffs and other organizations, or the beneficiaries of their services, who have relied on the agencies' longstanding policies and practices.

Defendants suggest this argument disregards "the established role of the Executive Branch in formulating foreign policy." *Glob. Health*, ECF No. 135 at 24. This echoes Defendants' primary response to Plaintiffs' separation of powers claim, which was that the President has "vast and generally unreviewable" powers in the realm of foreign affairs. That argument fares no better here than it did there. In granting preliminary injunctive relief, the Court rejected Defendants' "unbridled understanding of the President's foreign policy power, which would put the Executive above Congress in an area where it is 'firmly established' that the two branches share power, where Congress is exercising one of its core powers, and where there is no constitutional objection to the laws it has made." *AIDS Vaccine*, 770 F. Supp. 3d at 148 (quoting *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 62 (2015) (Roberts, C.J., dissenting)). The Circuit panel did not cast doubt on that analysis, and Defendants' argument remains unpersuasive today for the same reasons. *See Glob. Health*, 2025 WL 2480618, at *12.

*c.  Plaintiffs Are Likely To Succeed On Their Claim That The Agency Defendants' Actions Constitute Agency Action Unlawfully Withheld Or Unreasonably Delayed*

Plaintiffs assert another APA claim under 5 U.S.C. § 706(1), which requires courts to "compel agency action unlawfully withheld or unreasonably delayed." Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted). "The legal duty must be 'ministerial or nondiscretionary' and must amount to 'a specific, unequivocal command.'" *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1241 (D.C. Cir. 2018) (quoting *Norton*, 542 U.S. at 63–64).

Here, for the reasons already discussed, Defendants have a nondiscretionary duty to comply with the statutory commands in the appropriations acts by obligating the relevant funds. To be clear, no one disputes that Defendants have significant discretion in *how* to spend the funds at issue, and the Court is not directing Defendants to make payments to any particular recipients. But Defendants do not have any discretion as to *whether* to spend the funds.

Plaintiffs are also entitled to relief if the claim is construed as one to compel agency action unreasonably delayed. The Circuit has highlighted six factors that provide "useful guidance" in evaluating claims of unreasonable agency delay. *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 815 (D.C. Cir. 2024) (quoting *Telecommunications Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*")). The first two factors "focus on the extent of and reasons for the agency delay." *Id.* at 816. Here, the extent of the delay is significant, as the date by which the funds must be obligated is less than a month away. And Congress provided a clear timetable to act, with specific expiration dates for the relevant funds.

The third and fifth factors address the interests affected by agency delay, including whether human health and welfare are at risk. *TRAC*, 750 F.2d at 80. That is plainly the case here, as

28

Plaintiffs have offered unrebutted evidence that the failure to obligate foreign assistance funds will cause serious harm to human health and welfare, while also jeopardizing the very existence of their organizations. *See, e.g.*, *Glob. Health*, ECF No. 133-4 ¶ 14; ECF No. 133-7 ¶ 15.

The fourth factor asks if "expediting delayed action" will have a harmful effect on "agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. There is no indication that competing agency priorities have prevented Defendants from obligating the funds in question. Indeed, as Plaintiffs point out, "USAID has no other 'priorities' to pursue because Defendants have sought to abolish it." *Glob. Health*, ECF No. 133-1 at 23. And again, the question is not whether Defendants may permissibly allocate funds to one priority or another; the question is whether they have unreasonably delayed in failing to spend the funds at all.

The final factor concerns whether the agency delay involves bad faith. *Afghan & Iraqi Allies*, 103 F.4th at 820. But it is not necessary to "find any impropriety lurking" behind a delay to hold that it is unreasonable, so the Court need not make any finding that Defendants' failure to obligate the funds is in bad faith. *TRAC*, 750 F.2d at 80 (citation omitted). The balance of the other factors indicates that Plaintiffs are likely to succeed on their 5 U.S.C. § 706(1) claim on the grounds that Defendants have unreasonably delayed in spending the funds at issue.[6]

### d. Plaintiffs Have Shown They Are Likely Entitled To Mandamus In The Alternative

Plaintiffs' final claim seeks mandamus relief ordering Defendants to comply with the appropriations acts. "Mandamus is an 'extraordinary remedy, reserved only for the most transparent violations of a clear duty to act.'" *In re Ctr. for Biological Diversity*, 53 F.4th 665, 670

---

[6]   Defendants oppose the *Global Health* Plaintiffs' motion for leave to file a second amended complaint on the grounds that adding this APA claim under 5 U.S.C. § 706(1) would be futile. *Glob. Health*, ECF No. 134; *see* ECF No. 132. For the reasons stated, the claim is not futile and the Court grants the motion to amend.

(D.C. Cir. 2022) (citation omitted). "A petitioner seeking mandamus must first establish that the agency has violated 'a crystal-clear legal duty.'" *Id.* (citation omitted). The petitioner must also show that it has "no other adequate means to attain the relief it desires." *Id.* (citation omitted). And the court must consider, guided by the *TRAC* factors, "whether the agency's delay is so egregious as to warrant mandamus." *Id.* (citation omitted).

For the reasons already discussed, Defendants have a clear, long-recognized duty to spend the funds Congress appropriates for specific purposes—that duty is and always has been clear, and it is mandatory. As then-Judge Kavanaugh explained in *Aiken County*: "where previously appropriated money is available for an agency to perform a statutorily mandated activity," there is "no basis for a court to excuse the agency from that statutory mandate." 725 F.3d at 260.

Defendants assert that Plaintiffs have no clear right to relief because the appropriations acts do not "impose an enforceable duty to them as private plaintiffs." *Glob. Health*, ECF No. 135 at 33. But in *Aiken County*, the petitioners had nuclear waste stored in their states due to the absence of a long-term storage site, and the court granted mandamus to compel the commission to resume processing a license application for such a site. 725 F.3d at 258. Here, Plaintiffs have an even more direct connection to the statutory mandate given their dependence on appropriated foreign assistance funds. And the appropriations acts impose a clear duty on the agency Defendants to make those funds available for obligation, allowing Plaintiffs and others to compete for them.

Consistent with the Court's above analysis of the *TRAC* factors, the agency Defendants' failure to heed Congress's mandates is also sufficiently egregious to warrant mandamus relief. That leaves the question whether Plaintiffs have any other adequate means to obtain the relief they seek. The Court has concluded that Plaintiffs are likely to succeed on their claims that the agency Defendants' refusal to obligate appropriated funds is unlawful under the APA and that they are

30

entitled to a preliminary injunction. Given that conclusion, issuing a writ of mandamus would not

be appropriate. If, however, Plaintiffs do not have a cause of action under the APA, then the Court

would conclude that they have no adequate means of recourse and are entitled to mandamus relief.

   e. *The Rescission Proposal Does Not Allow Defendants To Evade The Statutory
      Command To Obligate The Funds*

Defendants' final argument is that their decision to simply not spend billions of dollars that

Congress appropriated is not unlawful under any of the above theories because, following the

denial of rehearing en banc and issuance of the Circuit's mandate, the President sent a rescission

proposal to Congress that includes funds they decided not to spend. *Glob. Health*, ECF No. 135 at

8, 28; *see* ECF No. 129.

Plaintiffs' claims here are premised on Defendants' duty to comply with the directives of

the relevant appropriations acts, in accordance with the APA and the Mandamus Act. There can

be no question that if Congress rescinded or suspended those appropriations laws yesterday, today,

or tomorrow, they would no longer impose a duty on the executive branch. If, on the other hand,

"Congress has not altered the legal landscape," the appropriations acts remain the law of the land

and the decision not to follow Congress's mandate would be "simply flouting the law." *Aiken

County*, 725 F.3d at 259.

To date, Congress has not responded to the President's rescission proposal by rescinding

the funds. And the ICA is explicit that it is congressional action—not the President's transmission

of a special message—that triggers rescission of the earlier appropriations. The Act provides that

if the President believes budget authority should be rescinded, he "shall transmit to both Houses

of Congress a special message" providing certain details, including the amount proposed to be

rescinded and the reasons. 2 U.S.C. § 683(a). And it says: "Any amount of budget authority

proposed to be rescinded or that is to be reserved as set forth in such special message shall be made

31

69

available for obligation unless, within the prescribed 45-day period, the Congress has completed action on a rescission bill rescinding all or part of the amount proposed to be rescinded or that is to be reserved." *Id.* § 683(b). The Act further provides that "[n]othing contained in this Act . . . shall be construed as . . . superseding any provision of law which requires the obligation of budget authority or the making of outlays thereunder." *Id.* § 681(4).

It follows that, unless and until Congress votes to rescind the budget authority, the funds appropriated "shall be made available for obligation." *See* GAO, B-330330, *Impoundment Control Act—Withholding of Funds Through Their Date of Expiration*, at 9 (Dec. 10, 2018) (observing that the ICA "grants the President no authority whatsoever to rescind funds" and that "only Congress may rescind budget authority"); *see also Aiken County*, 725 F.3d at 261 n.1 (explaining that where the President has policy reasons for not wanting to spend funds, he "does not have unilateral authority to refuse to spend the funds," but rather "must *propose* the rescission of funds, and Congress then may decide whether to approve a rescission bill" (emphasis added)).

Setting aside that Defendants' position finds no support in the text of the ICA, it would prove far too much and, indeed, undermine the very purpose of the ICA by turning its protections against impounding funds into a mechanism for doing so. According to their theory, the executive branch can rescind appropriated funds at will—regardless of what appropriations laws say and how much money remains to be spent—provided the President proposes a rescission of the funds within the final forty-five days of the spending period. Take the circumstance here. It is undisputed the relevant appropriations acts have been valid law from the time they were enacted to today. For almost all that period, Defendants did not even dispute that the laws were mandatory and required them to spend the funds. The President never asked Congress to rescind the funds at issue even though he successfully sought rescission of analogous funds in May 2025. This was so despite

Plaintiffs' lawsuit and despite the fact that neither the TRO nor preliminary injunction impeded the President's ability to propose a rescission and give Congress the full period to answer (or not). Defendants, instead, several months after the preliminary injunction was issued, raised the possibility of proposing a rescission within the forty-five-day window, apparently on the theory that this would cause the funds to expire. *Glob. Health*, ECF No. 106 at 5–6. And Defendants would successfully achieve the effect of a rescission even though the appropriations acts remained the law of the land throughout this period, even though the very law contemplating the rescission proposal states funds must be "made available for obligation" absent congressional action to rescind them, 2 U.S.C. § 683(b), and even though Congress could—and has not—enacted the rescission proposed. This would be quite a departure from the ICA given that, as the Circuit has explained, "the '*raison d'etre*' of the entire legislative effort was to assert *control* over presidential impoundments." *City of New Haven*, 809 F.2d at 907 (citation omitted). "It is simply untenable to suggest that a Congress precluded from achieving this goal would have turned around and ceded to the President the very power it was determined to curtail." *Id.*; *see also id.* at 908 (rejecting argument that was "completely at odds with Congress' expressed intention to *control* rather than *authorize* presidential deferrals"); GAO, B-330330, *Impoundment Control Act—Withholding of Funds Through Their Date of Expiration*, at 8 (concluding that, in the context of a rescission proposal within the final forty-five days of the spending period, "the requirement to make amounts available for obligation in this situation prevails over the privilege to temporarily withhold the amounts").[7]

---

[7]    Defendants rely heavily on 2 U.S.C. § 684(a), which provides that a deferral "may not be proposed for any period of time extending beyond the end of the fiscal year in which the special message proposing the deferral is transmitted to the House and the Senate." Defendants suggest this provision "shows that Congress considered the possible effects of withholding funds close to

The appropriations acts remain law and, notwithstanding the rescission proposal, "Congress has not altered the legal landscape." *Aiken County*, 725 F.3d at 259. Defendants accordingly remain under a duty to comply with the appropriations laws unless and until Congress does change the law.[8]

### 2. *Plaintiffs Will Suffer Irreparable Harm Absent Preliminary Injunctive Relief*

The Court concludes that, on the record before the Court today, Plaintiffs have shown that they will suffer irreparable harm absent a preliminary injunction.

On appeal, the Circuit observed that some of the plaintiff organizations "are almost entirely financially dependent on funding from foreign-aid appropriations" and that, in light of the time that had passed following the large-scale termination of grants and other awards, the record was "simply less developed about how long [Plaintiffs] could financially continue without the opportunity to compete for impounded funds as opposed to the funds from existing contracts and why being denied immediate relief as to that opportunity would cause harm [Plaintiffs] would not suffer anyway." *Glob. Health*, 2025 WL 2480618, at *13. The Circuit accordingly could not conclude that the record strongly favored an injunction. *Id.*

On remand, Plaintiffs have supplemented the record. The Court finds based on the whole of the evidence, including the supplemental evidence, that Plaintiffs are on the brink of existential financial threat that jeopardizes their missions. Plaintiffs have adduced evidence showing that the

---

the end of the fiscal year and decided to limit such withholdings only for deferrals, not for rescissions." *Glob. Health*, ECF No. 135 at 30. Again, Defendants' argument contravenes the text of the ICA, which contemplates that funds proposed for rescission will be "made available for obligation" unless Congress rescinds them within the forty-five-day window. 2 U.S.C. § 683(b).

[8]   Defendants suggest that agency attempts to obligate funds proposed for rescission "would exceed apportionments approved by [OMB], which could entail risks under the Anti-Deficiency Act." *Glob. Health*, ECF No. 135 at 8. But OMB is a defendant here and therefore will be subject to the injunction requiring compliance with the appropriations acts.

organizations that have been able to survive this period will be permanently devastated if expiring appropriations are not made available. *See, e.g.*, *Glob. Health*, ECF No. 133-4 ¶ 14 (program's operations "will be permanently devastated" if "the expiring appropriations are not made available"); ECF No. 133-6 ¶ 10 (failure to obligate funds will require plaintiff to "further reduce our in-house resources and technical capabilities, severing employment and business relationships, reducing services, and diminishing our global competitiveness in a way that will be difficult to restore"); ECF No. 133-11 ¶¶ 14–15 (loss of opportunity to compete for funds will cause plaintiff's members to suffer harms including loss of unrecoverable revenues, terminating staff, and cutting programming).

Plaintiffs' declarations also describe the severe harms to their organizational missions that Plaintiffs have already experienced—and will only worsen—in light of the failure to spend appropriated funds, including closing or downsizing offices and eliminating jobs. *See, e.g.*, *Glob. Health*, ECF No. 133-8 ¶ 13 (describing cuts to staff). Several declarations discuss harms that organizations and the communities they serve will suffer if Defendants continue to refuse to spend congressionally appropriated foreign assistance funds. *See, e.g.*, *Glob. Health*, ECF No. 133-5 ¶ 13 (inability to compete for funds threatens "ability to implement vital programs that advance national security, food security, economic growth, and humanitarian assistance worldwide"); ECF No. 133-9 ¶ 11 (lost opportunity to compete for funds will require terminating staff and cutting programming); ECF No. 133-10 ¶ 9 (discussing loss of critical staff due to "uncertainty regarding appropriations"); ECF No. 133-11 ¶ 17 (member companies that will lose revenue due to expiration of funds "will need to make significant reductions in staffing" and "will not be able to meet their obligations to landlords and other vendors").

Defendants respond to Plaintiffs' evidence by asserting their organizations might benefit from current obligation plans, "such as where recipients of obligated funds enter into downstream contracts or grants with Plaintiffs." *Glob. Health*, ECF No. 135 at 34. They also say that, notwithstanding their withholding of several billions of dollars, "many appropriations are being obligated before expiration." *Id.* The Court finds Defendants' speculative assertions about the possibility Plaintiffs will benefit at some later time from downstream contracts, without any meaningful detail as to how the organizations here will benefit or how the obligation of funds relates to Plaintiffs' missions, does not overcome Plaintiffs' evidence.

Accordingly, while some organizations may have already been forced to shutter, the Court finds based on the evidence before it that Defendants' actions "threaten[] the very existence of [Plaintiffs'] business." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). And Plaintiffs have shown that the "obstacles" created by Defendants' conduct "make it more difficult for [Plaintiffs] to accomplish their primary mission." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 9 (D.C. Cir. 2016).

### 3. *The Balance Of The Equities And The Public Interest Favor Plaintiffs*

The remaining factors, balancing the equities and the public interest, generally "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009); *see Pursuing Am.'s Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016). These factors weigh in Plaintiffs' favor as well.

The Circuit has explained that "[t]here is generally no public interest in the perpetuation of unlawful agency action." *League of Women Voters*, 838 F.3d at 12. "To the contrary, there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *Id.* (internal quotation marks and citation omitted). Here, there is a substantial public interest in ensuring that Defendants comply with the appropriations laws

36

enacted by Congress. *Cf. Aiken County*, 725 F.3d at 267 (explaining that "our constitutional system of separation of powers would be significantly altered if we were to allow executive and independent agencies to disregard federal law in the manner asserted in this case").

Additionally, Plaintiffs have offered unrebutted evidence of massive harms that will result from Defendants' decision not to spend all expiring foreign assistance funds. Plaintiffs attest that their inability to compete for funds "will ultimately cause direct harm to some of the most vulnerable people around the world." *Glob. Health*, ECF No. 133-4 ¶ 14. Their organizations will not be able to provide "vital programs that advance national security, food security, economic growth, and humanitarian assistance worldwide." *Glob. Health*, ECF No. 133-5 ¶ 13; *see also, e.g.*, ECF No. 133-8 ¶ 14 (stating that "abrupt terminations in life-saving programs . . . would result from the failure to spend the appropriated funds"). And Defendants' actions will force organizations that rely on foreign assistance funds to lay off additional workers. *See, e.g.*, *Glob. Health*, ECF No. 133-5 ¶ 11; ECF No. 133-8 ¶ 13.

Defendants suggest that the Circuit's opinion is conclusive as to the proper balancing of the equities. *Glob. Health*, ECF No. 135 at 34. But the panel simply held that it had "no occasion to address whether there has been a constitutional or statutory violation because [Plaintiffs] lack a cause of action," so this factor did not "strongly" favor injunctive relief. *Glob. Health*, 2025 WL 2480618, at *13. As explained above, this Court now concludes Plaintiffs have a cause of action based on the avenue explicitly left open by the panel and have shown a clear statutory violation by Defendants.

Defendants also argue that Plaintiffs "would install the Court as an ongoing monitor of foreign assistance funding," which would "disrespect the role of the President in foreign affairs and would flout the separation of powers." *Glob. Health*, ECF No. 135 at 35. That is neither what

Plaintiffs seek nor what the Court grants. The requested injunction here simply requires that the agency Defendants comply with statutory commands from Congress to spend the funds appropriated for foreign assistance. The Executive retains the discretion to determine *how* those funds are spent. *Cf. Aiken County*, 725 F.3d at 257 ("The underlying policy debate is not our concern. The policy is for Congress and the President to establish as they see fit in enacting statutes, and for the President and subordinate executive agencies . . . to implement within statutory boundaries. Our more modest task is to ensure, in justiciable cases, that agencies comply with the law as it has been set by Congress."). The equities and the public interest weigh in favor of a preliminary injunction.[9]

## C.  Scope Of Relief

The Court must tailor the scope of relief to fit the challenged conduct and Plaintiffs' harms. The Supreme Court recently held in *Trump v. CASA, Inc.*, 606 U.S. __, 145 S. Ct. 2540 (2025),

---

[9]    Although not part of this Court's balancing of the equities, the Court expresses concern that Defendants' litigation strategy in this case appears crafted with the specific goal of ensuring review at the highest levels occurs in an emergency posture. The TRO stage is one example. There, Defendants could not identify any concrete steps taken to comply with the TRO after nearly two weeks and, upon being given an additional thirty-six hours to comply, they filed an emergency appeal in which they represented—for the first time—that the ordered timeline was not feasible. As it turned out on remand, the number of payments that triggered the alleged emergency was in fact a quantity that the agencies were accustomed to processing in a single day. *See AIDS Vaccine*, 770 F. Supp. 3d at 131–32. Another example is Defendants' proposed timeline that brought the case to this point. After this Court's preliminary injunction ordered Defendants to obligate all congressionally appropriated funds, Defendants opted not to seek a stay. Instead, they affirmatively proposed to have the Circuit panel issue its opinion by August 15, leaving forty-five days until the expiration of funds and representing that this would provide sufficient time to obligate the remaining funds during the period, accounting for any further review. *See, e.g.*, *Glob. Health*, ECF No. 99 at 14. Yet Defendants later used the time crunch they proposed as a basis for filing an emergency application with the Supreme Court. *See* Application to Stay Injunction, *Trump v. Glob. Health Council*, No. 25A227 (U.S. Aug. 26, 2025). It is inevitable that there will be emergency postures in litigation, but it is quite another thing to create a strategy that prefers them. To the extent Defendants now have time pressure and billions of dollars to obligate, that is not an emergency but a circumstance of their own creation.

that in fashioning an injunction, "the question is not whether an injunction offers complete relief to *everyone* potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." *Id.* at 2557. Heeding that mandate, this Court accordingly must ensure the relief ordered is no "broader than necessary to provide complete relief to each plaintiff with standing to sue." *Id.* at 2562–63. The Court thus limits its relief to only the categories of funds for which Plaintiffs are ready and able to compete. This scope of relief accords with the positions of both parties before the Circuit panel. *See Glob. Health*, 2025 WL 2480618, at *32 n.10 (Pan, J., dissenting) (noting counsel for Plaintiffs' representation at oral argument that his clients compete for "99 percent" of the funds in question but that the panel could affirm "only to the extent the injunction was . . . no broader than necessary to provide complete relief to the plaintiffs" (omission in original) (citation omitted)); Brief for Appellants, *Glob. Health*, No. 25-5097, at 63 (D.C. Cir. May 9, 2025) ("With respect to future funding obligations, plaintiffs have standing to seek at most an order as to programs or funds for which they are willing and able to compete.").

On remand, Defendants suggest that the scope of relief should be narrowed only to "those awards Plaintiffs have received historically" and not include all that they would be prepared to compete for. *Glob. Health*, ECF No. 135 at 36. However, Plaintiffs' harm stems from not only the awards they have not received but also the denial of the opportunity to compete in the future. *See Glob. Health*, 2025 WL 2480618, at *5. The group of plaintiffs here includes a broad assortment of aid grantees and associations that work across the spectrum of foreign aid. They have submitted unrebutted declarations attesting that they compete for funds across nearly all the categories of foreign assistance funds at issue in the relevant appropriations laws. *See Glob. Health*, ECF Nos. 133-4 to 133-11; *see also* ECF No. 133-2 (showing only eleven subcategories in which no plaintiff

39

would compete for funds). Plaintiffs represent that this will exclude roughly $500 million in appropriated funds from the scope of the injunction. *Glob. Health*, ECF No. 133-1 at 32. It is true that, although Plaintiffs' organizations appear to run the gamut of organizations who compete for such funds, Defendants' obligation of the funds may ultimately benefit nonparties; however, "that benefit [is] merely incidental." *CASA*, 145 S. Ct. at 2557 (alteration in original) (quoting *Trump v. Hawaii*, 585 U.S. 667, 717 (2018) (Thomas, J., concurring)).[10]

Even as to Plaintiffs, the Court is mindful that the preliminary injunction should be no broader than necessary given the claims asserted. The Court makes clear that although the relief afforded requires Defendants to obligate the full amount of funds consistent with appropriations acts, it does not impact Defendants' discretion to determine how to spend those funds. Defendants maintain all discretion the executive branch would ordinarily be afforded in determining how to spend the funds within the categories Congress has dictated. Defendants have also noted that it is typical, in the ordinary course, for a nominal amount of appropriated funds to go unspent, and Plaintiffs have not disputed this. While Defendants will be required to comply with appropriations, the injunction will not be violated if nominal amounts remain, as is ordinarily the case.

Finally, the Court makes clear that, although Congress has, to date, declined to act on the pending rescission proposal and the appropriations acts therefore remain the law, in the event

---

[10] Defendants do not expressly ask the Court to require Plaintiffs to post security under Federal Rule of Civil Procedure 65; they suggest only that Plaintiffs "have not alleged they are able to satisfy the security posting requirement." *Glob. Health*, ECF No. 135 at 35. The Court finds that bond would not be appropriate here because it "would have the effect of denying the plaintiffs their right to judicial review of administrative action." *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 775 F. Supp. 3d 100, 130 (D.D.C. 2025) (quoting *Nat. Res. Def. Council, Inc. v. Morton*, 337 F. Supp. 167, 168 (D.D.C. 1971)). Requiring resource-strapped organizations to post bond before they can obtain preliminary relief from likely unlawful government action that imposed financial strain on them would frustrate the goals of judicial review. Multiple courts in this District have declined to require security for similar reasons. *See id.*; *Widakuswara v. Lake*, 779 F. Supp. 3d 10, 39 (D.D.C. 2025).

40

Congress acts to rescind all or part of the appropriations at issue, the injunction will not impose on Defendants any duty to obligate the rescinded funds.[11]

### III. Conclusion

For these reasons, the *Global Health* Plaintiffs' motion for a temporary restraining order, preliminary injunction, and partial summary judgment is granted in part and denied in part. *Glob. Health*, ECF No. 133. Their request for a preliminary injunction is granted; their request for a temporary restraining order is denied as moot; and their request for partial summary judgment is denied without prejudice. The *AIDS Vaccine* Plaintiffs' motion for a preliminary injunction is granted. *AIDS Vaccine*, ECF No. 143. The *Global Health* Plaintiffs' motion for leave to file a second amended complaint is granted. *Glob. Health*, ECF No. 132.

Consistent with this opinion, it is hereby ordered:

- The agency Defendants—that is, all Defendants except the President—are enjoined to make available for obligation and obligate, by September 30, 2025, for the uses and purposes specified by Congress: (1) the expiring funds Congress appropriated for foreign assistance programs in the fifteen categories of appropriations specified in the *Global Health* Plaintiffs' motion from Title III and Title IV of the Further Consolidated Appropriations Act of 2024 and prior appropriations acts, unless Congress rescinds the relevant appropriation through duly enacted legislation; and (2) the minimum or specific expiring funds that Congress required the agency Defendants to obligate for particular uses and purposes in Section 7019(a) and Sections 7030–7061 of the Further

---

[11] The *Global Health* Plaintiffs also move for a temporary restraining order. That motion is denied as moot given that the Court grants preliminary injunctive relief. The *Global Health* Plaintiffs' motion for partial summary judgment is denied without prejudice to being refiled at the appropriate time.

Consolidated Appropriations Act of 2024 and prior appropriations acts, with the exception of the subcategories of funds for which no Plaintiffs would compete as identified in *Glob. Health*, ECF No. 133-2, unless Congress rescinds the relevant appropriation through duly enacted legislation. Defendants may not newly obligate expiring funds, or keep funds that are currently obligated in that status, and then de-obligate the funds after September 30, 2025, for the purpose of unilaterally withholding the funds.

Consistent with the Court's feasibility determinations at the prior preliminary injunction stage (which were then not appealed and never disputed), and the deference the Court has offered Defendants as a coordinate branch (including their proposal of the current schedule), the Court notes that if Defendants have concerns about the feasibility of their previously proposed schedule, the Court remains willing to consider a request to extend the relevant expiration dates of the funds on Defendants' motion. *See City of Houston v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1426 (D.C. Cir. 1994) (discussing a court's equitable power to "simply suspend the operation of a lapse provision and extend the term of already existing budget authority" (quoting *Nat'l Ass'n of Reg'l Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977))). Defendants may file such a motion if the feasibility of obligating funds under the Court's injunction was affected by the three business days during which they were not under an order to make funds available for obligation, if they were mistaken in their expectation of the amount of time that would be required for further appellate review, or in light of any other feasibility concern that the Court may not be aware of that would warrant extension. *See Glob. Health*, ECF No. 126 at 5.

42

AMIR H. ALI
United States District Judge

Date:   September 3, 2025

43