September 5, 2025

**VIA CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue, NW
Washington, DC 20001

Re:  *AIDS Vaccine Advocacy Coalition v. Department of State*, No. 25-5317
*Global Health Council v. Trump*, No. 25-5319

Dear Mr. Cislak:

Plaintiffs-Appellees write to notify the Court that the district court has denied Defendants' motion to stay the preliminary injunction at issue in Defendants' motion for stay pending appeal.

The district court further directed the parties promptly to file notice of its order with this Court. The district court's order is attached.

Sincerely,

/s/ Lauren E. Bateman
Lauren E. Bateman
*Counsel for AIDS Vaccine Advocacy Coalition, et al.*

/s/ Daniel F. Jacobson
Daniel F. Jacobson
Stephen K. Wirth
*Counsel for Global Health Council, et al.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIDS VACCINE ADVOCACY COALITION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00400 (AHA) |
| GLOBAL HEALTH COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Action No. 25-00402 (AHA) |

## Order

On September 3, 2025, the Court granted in part the *Global Health* Plaintiffs' motion for a temporary restraining order, preliminary injunction, and partial summary judgment. *AIDS Vaccine Advoc. Coal. v. U.S. Dep't of State*, No. 25-cv-00400, 2025 WL 2537200 (D.D.C. Sept. 3, 2025). The *AIDS Vaccine* Plaintiffs simply joined in the *Global Health* Plaintiffs' request and arguments for a preliminary injunction, so the Court granted that motion as well without ordering separate briefing. The Court issued a preliminary injunction requiring the agency Defendants to comply with Congress's command in the relevant appropriations acts to obligate expiring foreign aid funds by September 30, 2025. Defendants have moved to stay the Court's order pending appeal.

"A stay is an intrusion into the ordinary processes of administration and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citation omitted). The court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434.

Defendants' arguments do not approach the high bar for a stay. As to the merits, nothing in Defendants' stay motion provides reason to reconsider the Court's conclusions. With respect to the text of the appropriations acts, Defendants simply reiterate their arguments that the text includes "ambiguity" as to whether appropriations "serve as a floor or ceiling or both." *Glob. Health*, ECF No. 142 at 4; *see AIDS Vaccine*, 2025 WL 2537200, at *11 (addressing this argument). Notably, even having seen the Court's opinion, Defendants do not offer any citation to relevant text that would not be mandatory under bedrock presumptions and the Supreme Court's decision in *Train v. City of New York*, 420 U.S. 35 (1975)—let alone a textual analysis that could sustain their broad-brush decision not to spend appropriated funds across numerous provisions. Defendants' arguments are unpersuasive for all the reasons described in the Court's opinion. *AIDS Vaccine*, 2025 WL 2537200, at *9–12.

Defendants' approach to statutory text remains most jarring as to their argument that they may simply let the funds expire because the President has proposed a rescission to Congress, as Defendants selectively quote language from the Impoundment Control Act ("ICA") to reverse its meaning. In the ICA, Congress directed:

> Any amount of budget authority proposed to be rescinded or that is to be reserved as set forth in such special message shall be made

2

> available for obligation *unless*, within the prescribed 45-day period, the Congress has completed action on a rescission bill rescinding all or part of the amount proposed to be rescinded or that is to be reserved.

2 U.S.C. § 683(b) (emphasis added). Defendants' theory requires overlooking the word "unless" to change the meaning of this provision. So Defendants creatively rearrange the text to omit that word and imply the opposite presumption, saying:

> If Congress does not "complete[] action on a rescission bill rescinding all or part of the amount proposed to be rescinded" within 45 days of continuous session after receiving the message, the ICA provides that the amount proposed to be rescinded "shall be made available for obligation."

*Glob. Health*, ECF No. 142 at 3 (alteration in original) (quoting 2 U.S.C. § 683(b)).

Defendants' stay motion also repeats that, in light of the rescission proposal, requiring them to obligate funds unless Congress acts (as the text of the ICA says) would interfere with interbranch negotiations. *Id.* at 4. But that simply disregards the terms that Congress—which unquestionably holds the power of the purse and to require that funds be spent—has set for that interbranch dialogue. Here, Congress has directed through the relevant mandatory appropriations that the Executive must spend funds for particular purposes, and it has said through the ICA that any amounts proposed for rescission "shall be made available for obligation unless, within the prescribed 45-day period, the Congress has completed action on a rescission bill rescinding all or part of the amount proposed to be rescinded." 2 U.S.C. § 683(b). For Defendants to say they will not do that flouts the interbranch dialogue that Congress required. At least to date, Congress has chosen not to respond to the rescission proposal by rescinding the appropriations and therefore, under the plain text, the Executive remains bound by them.

Defendants also have not shown irreparable harm or that the balance of the equities and the public interest favor a stay. Defendants again suggest the injunction "disregards the need for

3

Congress to consider the rescission proposals without those proposals being undermined by continued obligation of funds during the review period." *Glob. Health*, ECF No. 142 at 6. But nothing in the injunction precludes Congress from reviewing the proposed rescission, and as to Defendants' concern about Congress's interests in whether continued obligation should occur during this period, Congress has looked out for itself and dictated that funds "shall be made available" unless Congress acts in response to a rescission proposal. Defendants are not irreparably harmed by having to comply with that statutory command. And the equities do not tip in their favor, especially given the unrebutted evidence offered by Plaintiffs that Defendants' failure to obligate the funds will result in massive harms to their organizations. *AIDS Vaccine*, 2025 WL 2537200, at *16–18.

Finally, Defendants argue the Court's injunction is overbroad in light of *Trump v. CASA, Inc.*, 606 U.S. __, 145 S. Ct. 2540 (2025). *Glob. Health*, ECF No. 142 at 7. As a threshold matter, Plaintiffs arguably could have been entitled to even broader relief given that the Court concluded they were likely to succeed on their claims under the Administrative Procedure Act, which requires courts to "set aside" unlawful agency action, 5 U.S.C. § 706(2), and which *CASA* did not address. *See CASA*, 145 S. Ct. at 2554 n.10 ("Nothing we say today resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action."); *cf. Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 831 (2024) (Kavanaugh, J., concurring) ("When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." (citation omitted)). Instead, Plaintiffs requested and the Court granted a more tailored injunction—consistent with both parties' positions before the Circuit—limited to funds for which Plaintiffs are ready and able to compete. *AIDS Vaccine*, 2025 WL 2537200, at *18–20.

4

Defendants suggest the Court failed to require evidence of "what funds Plaintiffs capably can compete for based on their historical performance." *Glob. Health*, ECF No. 142 at 7. But Defendants themselves failed to introduce a scintilla of evidence to rebut Plaintiffs' evidence indicating they are ready and able to compete for the funds in question—even though this has been a live issue for months and Defendants presumably have access to complete information as to where Plaintiffs have historically competed, insofar as they believe it undermines Plaintiffs' showing. *See AIDS Vaccine*, 2025 WL 2537200, at *19; *see also Glob. Health Council v. Trump*, __ F.4th __, __, No. 25-5097, 2025 WL 2480618, at *5 (D.C. Cir. Aug. 28, 2025) (explaining that "a plaintiff may be harmed by denial of the opportunity to compete for a pool of funds for which they are able and willing to compete").

For these reasons, Defendants' motion for a stay pending appeal is denied. *AIDS Vaccine*, ECF No. 148; *Glob. Health*, ECF No. 142. In addition, there is a fundamental difference between this case and the ordinary case in which a stay is sought. Given that Congress has specifically spoken to what is to happen during this period—that appropriated funds "shall be made available for obligation unless, within the prescribed 45-day period, the Congress has completed action on a rescission bill rescinding all or part of the amount proposed"—a court's granting a stay of any length would directly contradict Congress's statutory command each day that it is in effect.

_____
AMIR H. ALI
United States District Judge

Date:   September 5, 2025

5